UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SUSANNA HINOJOSA RODRIGUEZ, | § § | |
| VS. | § § | CIVIL ACTION NO. C-09-95 |
| CHRISTUS SPOHN HEALTH SYSTEM CORPORATION, *et al*, | § § § § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered: (1) Defendant Nueces County Hospital District's (NCHD) 12(b)(6) Motion to Dismiss (D.E. 18), (2) Defendants Christus Spohn Health System Corporation d/b/a Christus Spohn Hospital Corpus Christi – Memorial, Christus Spohn Health System Corporation ("Christus Spohn") and Christus Health's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, alternatively, Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (D.E. 19), (3) Defendant Christus Health's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (D.E. 20), (4) Defendants Christus Spohn and Christus Health's Motion for Judgment on the Pleadings Regarding Plaintiff's 42 U.S.C. § 1983 Claims (D.E. 21), and (5) Plaintiff's Motion for Declaratory Judgment (D.E. 22).

For the reasons stated herein, (1) Defendant Nueces County Hospital District's 12(b)(6) Motion to Dismiss is DENIED  (D.E. 18), (2) Defendants Christus Spohn and Christus Health's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, Alternatively, Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 is DENIED in part and

GRANTED in part (with respect to claims brought under Section 81.010 of the Texas Civil Practice and Remedies Code only) (D.E. 19), (3) Defendant Christus Health's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) is DENIED (D.E. 20), (4) Defendants Christus Spohn and Christus Health's Motion for Judgment on the Pleadings Regarding Plaintiff's 42 U.S.C. § 1983 Claims is DENIED (D.E. 21), and (5) Plaintiff's Motion for Declaratory Judgment is DENIED AS MOOT (D.E. 22).

**I.     Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 1343 (civil rights), as Plaintiff brings a claim under 42 U.S.C. § 1983. The Court has supplemental jurisdiction, 28 U.S.C. § 1367, over Plaintiff's state law claims.[1]

**II.    Factual and Procedural Background**

The factual and procedural background of this case is fully discussed in Magistrate Judge B. Janice Ellington's Memorandum & Recommendations. (D.E. 35 at 2-4.) The Court recites the following brief factual and procedural background to provide context for the discussion herein.[2]

On April 1, 2007, Plaintiff, who suffers from bi-polar and other mental health impairments, voluntarily admitted herself for psychiatric care to the behavioral medicine department at Christus Spohn Hospital Corpus Christi – Memorial (the "Hospital"). She was admitted as a private patient and states that she does not qualify for "indigent care" at the Hospital. According to Plaintiff's claims, on April 3, 2007, Defendant John Hill, a

---

[1] Defendants dispute this Court's jurisdiction on the basis of immunity, discussed below.
[2] This background is derived primarily from Plaintiff's Original Complaint (D.E. 12) and does not represent the Court's factual findings in this matter.

mental health technician at the Hospital, sexually harassed and assaulted her. Defendant Hill allegedly had a history of similar behavior. (D.E. 12 at 4, 14-16.) Plaintiff, along with another witness who Hill allegedly touched inappropriately, reported the incident to the nursing staff at Christus Spohn. The staff allegedly stated that they were aware of Hill's conduct, but did nothing to protect Plaintiff. Feeling scared and intimidated, Plaintiff asked to be discharged from the Hospital, and was discharged on April 3, 2007. Plaintiff states that she reported the alleged incident to the Corpus Christi Police Department, who then contacted Christus Spohn. Plaintiff alleges that the Hospital failed to cooperate with the police investigation. (D.E. 12 at 14-19.)

Plaintiff alleges that, after the assault, her mental conditions worsened and she was diagnosed with Post-Traumatic Stress Disorder. Plaintiff states that she became afraid of retaliation and did not return to the Hospital for further treatment. Plaintiff further states that she eventually had suicidal thoughts and attempted suicide. After her suicide attempt, she alleges that she sought further treatment from a physician employed by Christus Spohn, but he refused to treat her after learning of her lawsuit against the Hospital. (D.E. 12 at 22-23.)

Plaintiff filed her Original Petition in state court on October 28, 2008, alleging only state law claims for healthcare negligence and sexual exploitation. After the Christus Defendants asserted claims of immunity, Plaintiff, on April 2, 2009, filed an amended petition, adding NCHD as a Defendant and asserting claims against it under 42 U.S.C. §§ 1983 and 1988. On April 30, 2009, NCHD removed this action from state court, based on the Section 1983 claims. The other Defendants consented to the removal. (D.E. 1.)

In her Original Complaint, filed in this Court on August 6, 2009, Plaintiff alleges the following causes of action: (1) "health care liability claims," brought pursuant to the Medical Liability Act, Chapter 74 of the Texas Civil Practice and Remedies Code, against Defendants Christus Spohn and Christus Health (D.E. 12 at 24-27), (2) violation of Chapter 81 of the Texas Civil Practice and Remedies Code against Defendants Christus Spohn and Christus Health (D.E. 12 at 27-31), (3) violation of Chapter 321 of Texas Health and Safety Code against Defendants Christus Spohn and Christus Health (D.E. 12 at 31-33), (4) violation of due process and equal protection rights, brought pursuant to 42 U.S.C. § 1983 against all Defendants (D.E. 12 at 35-48), (5) common-law tort claims of assault and battery against Defendant Hill in his individual capacity (D.E. 12 at 54), and (6) claims that Texas Health and Safety Code Sections 285.071 and 285.072 violate certain provisions of the Texas and United States Constitutions (D.E. 12 at 48-53).

On October 15, 2009 the parties filed five separate Motions, each of which is listed above. The Court addresses each of these motions in turn.

### III. Discussion

#### A. Defendant Nueces County Hospital District's 12(b)(6) Motion to Dismiss (D.E. 18)

Defendant NCHD seeks dismissal of Plaintiff's Section 1983 claims against it on the basis that it is not a person acting under color of state law for purposes of Section 1983, and that Plaintiff has otherwise failed to sufficiently state a Section 1983 claim against it. (D.E. 18 at 3.)

On December 3, 2009, United States Magistrate Judge B. Janice Ellington signed a Memorandum and Recommendation recommending that Defendant NCHD's Rule

12(b)(6) Motion to Dismiss (D.E. 18) be denied. (D.E. 35.) On December 10, 2009, Defendant NCHD filed Objections to the Magistrate's Recommendations. (D.E. 40.)

Having reviewed the findings of fact and conclusions of law therein, as well as the pleadings on file and objections, and having made a de novo disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, Fed. R. Civ. P. 72(b)(3), the Court hereby adopts as its own the findings and conclusions of the Magistrate Judge, subject to the following clarification. The Court understands the Magistrate's statement that "Hill is an employee of a government entity" to mean that Defendant Hill was employed by Defendant Christus Spohn in its role as a "governmental unit" under Section 285.071 of the Texas Health and Safety Code, not as a direct employee of NCHD. Regardless of the exact employment relationship, Plaintiff has sufficiently alleged that Defendant Hill was acting under color of state law at the time of the incident, as he was an employee of Christus Spohn, which was operating under a contract with NCHD to provide health services to the community. Hill's status as a state actor under Section 1983 is derived from the nature of the relationship between his direct employer and NCHD, not Sections 285.071 and 285.072 of the Texas Health and Safety Code. See West v. Atkins, 487 U.S. 42, 55-56 (1988); Flint ex rel. Flint v. Ky. Dep't of Corrections, 270 F.3d 340, 351-52 (6th Cir. 2001) (holding that employee of state correctional services contractor was a state actor for purposes of Section 1983).

Accordingly, it is ORDERED that Defendant NCHD's Rule 12(b)(6) Motion to Dismiss is DENIED. (D.E. 18.)[3]

---

[3] In her response, Plaintiff clarified that she does not bring state law claims against Defendant NCHD. (D.E. 23 at 5.) Thus, the portion of Defendant's Motion regarding state law claims is denied as moot.

> **B.** **Defendants Christus Spohn and Christus Health's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, Alternatively, Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (D.E. 19)**

On October 15, 2009, Defendants Christus Spohn and Christus Health (collectively, "Christus") filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, Alternatively, Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56. (D.E. 19.) Plaintiff filed a Response on November 4, 2009 (D.E. 26), and Defendants filed a Reply on November 23, 2009 (D.E. 32).

Defendants contend that this Court lacks subject matter jurisdiction over Plaintiff's state law claims for three reasons. First, Defendants argue that, pursuant to Sections 285.071 and 285.072 of the Texas Health and Safety Code, Christus is a "hospital district management contractor," and therefore a "governmental unit" for purposes of the Texas Tort Claims Act ("TTCA"). As such, Plaintiff may only bring her state law claims pursuant to an exception provided under the TTCA, none of which are applicable. (D.E. 19 at 1, 9-20.) Second, Defendants contend that Plaintiff has not satisfied the statutory prerequisites to bringing suit under Chapter 81 of the Texas Civil Practice and Remedies Code (D.E. 19 at 1, 21-22.) Finally, Defendants argue that Plaintiff's claims against Defendant Hill must be dismissed pursuant to Texas Civil Practice and Remedies Code Section 101.106(e), as this section mandates immediate dismissal of claims against an employee of a governmental unit when suit is filed under the TTCA "against both a governmental unit and any of its employees." (D.E. 19 at 1, 2, 23-24.)

Motions brought under Rule 12(b)(1) challenge the Court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). When a party challenges a court's subject matter jurisdiction under Rule 12(b)(1), it can make either a "facial attack" or a "factual attack." As the Fifth Circuit has explained, "[a] 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. A 'factual attack,' however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. Moreover, a 'factual attack' under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980) (internal citations omitted). In this case, the Court understands Defendants to make a factual attack, given the voluminous exhibits and supporting materials Defendants have submitted. The Court addresses each of Defendants' arguments in turn.

### 1. Application of Section 285.071 and 285.072

Under Section 285.072 of the Texas Health and Safety Code, a "hospital district management contractor in its management or operation of a hospital under a contract with a hospital district is considered a governmental unit for purposes of Chapters 101, 102, and 108, Civil Practice and Remedies Code, and any employee of the contractor is, while performing services under the contract for the benefit of the hospital, an employee

of the hospital district for the purposes of Chapters 101, 102, and 108, Civil Practice and Remedies Code." Tex. Health & Safety Code § 285.072. Section 285.071 defines a "hospital district management contractor" as a "nonprofit corporation, partnership, or sole proprietorship that manages or operates a hospital or provides services under contract with a hospital district that was created by general or special law." Id. § 285.071.

Chapters 101, 102, and 108 of the Texas Civil Practice and Remedies Code, the Texas Tort Claims Act, "provides a limited waiver of sovereign immunity and allows suits against governmental units only in certain narrow circumstances." Doyal v. Texas Dept. of Criminal Justice-Institutional Div., 276 S.W.3d 530, 533 (Tex. App. – Waco 2008, no pet.). Section 101.021 provides,

> [a] governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code § 101.021. Section 102 covers situations in which a local government may pay actual damages awarded against a local government employee and places a cap on the amount of damages that can be awarded. Section 108 addresses personal liability of public servants' actions arising from property damage, personal

injury, death, or deprivation of a right, privilege, or immunity and places a cap on the amount of damages for which a public servant can be liable. Id. §§ 102, 108.

In sum, Section 285.071 and 285.072 have the effect of extending governmental immunity to hospital district management contractors for tort claims, except for waivers provided by the TTCA. Defendants have conclusively established that Christus is a hospital district management contractor and thus a governmental unit for purposes of the TTCA (D.E. 19 at 9-17) and Plaintiff does not seriously dispute this designation (D.E. 26). Thus, the Court concludes that Christus is a governmental unit for purposes of Chapters 101, 102, and 108 of the Texas Civil Practice and Remedies Code. Further, it is apparent that none of the exceptions provided by the TTCA are directly applicable in this case.

This does not, however, end the inquiry. The Texas Supreme Court in Garcia provided guidance as to when claims are brought "under the TTCA." While it held that common law tort theories were brought "under the TTCA," it also concluded that other state causes of action, namely statutory causes of action against governmental units (in that case, claims brought under the Texas Commission on Human Rights Act ("TCHRA")), were not "under the TTCA." Mission Consolidated Indep. Sch. Distr. v. Garcia, 253 S.W.3d 653, 654 (Tex. 2008) ("We hold that the [TTCA's] election scheme governs all suits against a governmental unit, and that its application here bars all common-law recovery against the superintendent and the school district. However, in this case, the Act's election scheme does not bar the employees' recovery under the TCHRA because the Legislature has consented to suits against the government under the TCHRA, **and a suit that is based on the TCHRA is not one brought under the Tort Claims**

**Act**.") (internal citations omitted; emphasis added).  The TTCA itself recognizes other bases of recovery against the governmental units, stating "[t]he remedies authorized by this chapter are in addition to any other legal remedies." § 101.003.  Thus, while "all tort theories alleged against a governmental unity, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act],'" Garcia, 253 S.W.3d at 659, it follows that other claims, such as statutory causes of action, are not brought under the TTCA.  Other Texas courts have since concurred with this understanding. See Kelemen v. Elliott, 260 S.W.3d 518, 523 (Tex. App – Houston [1st Dist. 2008]) (finding that causes of action under the TCHRA and the Texas Whistleblower Act, Tex. Gov. Code § 554.002, are not brought "under the TTCA.").

In light of this understanding of Garcia and the extent of the TTCA, the Court now considers whether Plaintiff has stated tort claims against the Christus Defendants that would be "brought under the TTCA," and thus barred due to Defendants' status as governmental units for purposes of the TTCA.  An inspection of Plaintiff's Complaint reveals three state law causes of action: (1) health care liability claims brought pursuant to Chapter 74 of the Civil Practice and Remedies Code, (2) violation of Chapter 81 of the Texas Civil Practice and Remedies Code, and (3) violation of Chapter 321 of the Texas Health and Safety Code.  The Court considers each cause of action separately.

   a. **Chapter 74**

A "health care liability claim" brought pursuant to Chapter 74 is defined as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care,

which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract." Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (Vernon 2003). The Act defines "health care" to mean "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." Id. § 74.001(a)(10).

In determining whether a particular case presents a "health care liability claim," a court examines the underlying nature of the allegations. Garland Cmty. Hosp. v. Rose, 156 S.W.3d 541, 543-44 (Tex. 2004) (citing Sorokolit v. Rhodes, 889 S.W.2d 239, 242 (Tex. 1994)). "If the act or omission alleged in the complaint is an inseparable part of the rendition of health care services, then the claim is a health care liability claim." See Walden v. Jeffery, 907 S.W.2d 446, 448 (Tex. 1995). "The court is not bound by the party's characterization of the claim." Empowerment Options, Inc. v. Easley, 2006 WL 3239527, at *2 (Tex. App. – Beaumont Nov. 9, 2006).

Here, Plaintiff's claims are properly considered "health care liability claims." These claims relate to her treatment at the hospital, her safety, the lack of remedial measures, the failure to cooperate with law enforcement, and other claims. (D.E. 12 at 24-27.) Plaintiff's claims may fairly be categorized as involving a "departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to . . . a claimant." These are not simple common-law tort claims, and thus do not fall within the scope of the TTCA. As Christus is only a governmental unit with respect to the TTCA, it is not a governmental unit with respect to claims brought under the Medical

Liability Act. It therefore may not claim immunity for claims brought under Chapter 74 of the Civil Practice and Remedies Code.[4]

### b. Chapter 81 of the Texas Civil Practice and Remedies Code

Under Section 81.002 of the Texas Civil Practice and Remedies Code, "[a] mental health services provider is liable to a patient or former patient of the mental health services provider for damages for sexual exploitation if the patient or former patient suffers, directly or indirectly, a physical, mental, or emotional injury caused by, resulting from, or arising out of: (1) sexual contact between the patient or former patient and the mental health services provider; (2) sexual exploitation of the patient or former patient by the mental health services provider; or (3) therapeutic deception of the patient or former patient by the mental health services provider." Tex. Civ. Prac. & Rem. Code § 81.002. Under Section 81.003, an employer may be liable for a patient's injuries as described in Section 81.002 if, for example, the employer fails to properly inquire as to an employee's history of sexual exploitation, or knows that sexual exploitation has occurred and fails to stop it. Tex. Civ. Prac. & Rem. Code § 81.003.

Like claims brought under Chapter 74, claims brought under Chapter 81 are not tort claims, but rather are statutory claims. Although Christus is "governmental unit" for purposes of the TTCA, it does not have this status, and thus does not have immunity, with respect to statutory claims such as those brought under Chapter 81 of the Texas Civil Practice and Remedies Code.

---

[4] Although the Texas Medical Liability Act makes clear that "[t]his chapter does not waive sovereign immunity from suit or from liability," Tex. Civ. Prac. & Rem. Code § 74.003, this section is relevant only if the entity has sovereign immunity in the first place. As stated above, Christus does not have governmental immunity with respect to claims brought under the Texas Medical Liability Act, as Sections 285.071 and 285.072 do not extend "governmental unit" status to such claims.

Although Christus is subject to liability under certain portions of Chapter 81, Plaintiff cannot bring claims against it under Section 81.010, as this section is applicable only to "governmental units." As noted above, Christus is a "governmental unit" only for the limited purposes laid out in Section 285.072 of the Health and Safety Code, not for purposes of Chapter 81 of the Texas Civil Practice and Remedies Code.

### c. Chapter 321 of the Texas Health and Safety Code

Chapter 321 of the Texas Health and Safety Code requires hospitals and mental health facilities to provide patients with a copy of a "patient's bill of rights" that reflect rights provided to them under applicable statutes and rules. Tex. Health & Safety Code § 321.002(a). A patient must receive a copy of the bill of rights and sign a document stating that she received it. The bill of rights must be prominently displayed. Tex. Health & Safety Code § 321.002(g), (h). Under Section 321.003, "[a] treatment facility or mental health facility that violates a provision of, or a rule adopted under, this chapter, . . . is liable to a person receiving care or treatment in or from the facility who is harmed as a result of the violation." Id. § 321.003(a). A patient may obtain injunctive relief, actual damages, and other relief. Id. § 321.003(b)-(g).

The claims brought under Chapter 321, like those discussed above, are not common law tort claims, but rather are statutory causes of action. As such, Christus' "government unit" status granted under Section 285.072 does not apply to suits brought under Chapter 321. Christus cannot therefore claim immunity for causes of action brought under Chapter 321 of the Texas Health and Safety Code.

### 2. Chapter 81 of the Texas Civil Practice and Remedies Code

As the Court has already noted above, because Christus is not a "governmental unit" for purposes of Chapter 81, Plaintiff may not bring suit against it as a governmental unit under Chapter 81.010. Defendants' motion is thus granted with respect to this claim only.

### 3. Section 101.106 of Texas Civil Practice and Remedies Code

Section 101.106(e) of the Texas Civil Practice and Remedies Code provides, "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Under Garcia, "all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of Section 101.106." Garcia, 253 S.W.3d at 659.

Although intentional torts are excluded from the TTCA, § 101.057(2), Texas courts have consistently held that Section 101.106 is applicable to intentional torts as well. See, e.g., Newman v. Obersteller, 960 S.W.2d 621, 622-23 (Tex. 1997); Singleton v. Casteel, 267 S.W.3d 547, 555 (Tex.App.-Houston [14 Dist.] 2008); Brown v. Ke-Ping Xie, 260 S.W.3d 118, 123 (Tex.App.-Houston [1 Dist.] 2008]) ("Because 'all tort theories' are 'under this chapter' for purposes of section 101.106, we conclude that section 101.106 does apply to Xie's claims for intentional torts.").

Where, as here, Plaintiff has only brought tort claims that would be brought "under the TTCA" against the individual employee and not the governmental unit, Section 101.106(e) is not applicable. In Kelemen v. Elliott, a Texas appeals court explained, "[u]nder section 101.106(e), any suit against Elliott [the employee] must be

dismissed '[i]f a suit is filed under this chapter against both' the City and Elliott. **Here, section 101.106(e) does not require dismissal of the claims against Elliott because no suit has been filed under the Tort Claims Act against both the City and Elliott.** In other words, the claims that, under Garcia, would fall under the Tort Claims Act, were filed against Elliott but were not filed against the City. Similarly, the claims filed by Kelemen against the City for statutory violations were not filed against Elliott. The claims against the City were not claims filed under the Tort Claims Act because they were claims that assert statutory violations that are separate and apart from the Tort Claims Act." 260 S.W.3d at 522 (internal citations omitted; emphasis added).[5] Here, Plaintiff has brought assault and battery claims against Hill alone, not against any of the governmental units. (D.E. 12 at 54.) Rather, only statutory claims are brought against those entities. While Plaintiff does sue both the governmental entities and Hill under Section 1983, Section 101.106(e) does not apply to Section 1983 claims. See Golden v. Austin County Sheriff's Dept., 2009 WL 1835448, at *5 (S.D. Tex. June 26, 2009) ("The plaintiffs' Section 1983 claims against individual defendants are not affected by the election-of-remedies bar in the Texas Tort Claims Act."). Therefore, because Plaintiff

---

[5] The court further explained:

> Because "all tort theories of recovery alleged against a governmental unit are presumed to be 'under the [Tort Claims Act],' " if Kelemen had asserted tort claims against the City and Elliott, the claims against Elliott would be barred under section 101.106(e). Kelemen, however, did not assert tort claims against the City and Elliott. She only sought tort claims against Elliott. As we note above, Kelemen sued the City for violations of the Labor Code and the Whistleblower Act, which are claims that do not fall under the Tort Claims Act. Although Kelemen sued Elliott for torts that are considered claims under the Tort Claims Act, we hold that section 101.106(e) does not bar the claims Kelemen filed against Elliott because she did not assert any tort claims against the City. In short, Kelemen did not file a suit "under this chapter against both a governmental unit and any of its employees," and thus section 101.106(e) does not bar the claims filed against Elliott. Any dismissal under section 101.106(e) would therefore be erroneous.

260 S.W.3d at 523 (internal citations omitted).

has only brought tort claims of assault and battery against Defendant Hill, and not the governmental entities, Section 101.106(e) does not require dismissal of these claims, and Defendants' Motion is denied in this respect.

### 4. Summary

The Court DENIES Defendants' Motion to Dismiss (D.E. 19) with respect to Plaintiff's causes of action under Chapter 74 of the Texas Civil Practice and Remedies Code and Chapter 321 of the Texas Health and Safety Code. The Court also DENIES the Motion with respect to Chapter 81 of the Texas Civil Practice and Remedies Code, except for claims brought under Chapter 81.010, as Christus is not a "governmental unit" for purposes of Chapter 81. Finally, the Court DENIES Defendants' Motion with respect to dismissal of the assault and battery claims against Defendant Hill.

### C. Defendant Christus Health's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (D.E. 20)

Defendant Christus Health filed a Motion for Judgment on the pleading arguing that Plaintiff has failed to state a plausible basis for holding Christus Health either directly liable for Plaintiff's alleged injuries or vicariously liable for the alleged conduct of Defendants Christus Spohn and Hill. (D.E. 20 at 2.) This Court finds that Plaintiff has pled sufficient facts for this Motion to be denied at this stage of the litigation. Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 8(a). Defendant Christus Health may reargue its claims on this point after allowing for sufficient discovery.

### D. Defendants' Motion for Judgment on the Pleadings Regarding Plaintiff's 42 U.S.C. § 1983 Claims (D.E. 21)

In this Motion, the Christus Defendants argue that the Court should dismiss Plaintiff's Section 1983 claims against them because Christus is neither a "person" nor a

"state actor" for purposes of Section 1983, and Plaintiff has failed to plead sufficient facts to establish that Christus and NCHD are "sufficiently intertwined" so as to render Christus' alleged conduct state action for purposes of Section 1983. (D.E. 21 at 2.)

On December 3, 2009, United States Magistrate Judge B. Janice Ellington signed a Memorandum and Recommendation recommending that the Christus Defendants' Rule 12(c) Motion to Dismiss (D.E. 21) be denied. (D.E. 36.) On December 17, 2009, the Christus Defendants filed Objections to the Magistrate's Recommendations. (D.E. 41.)

Having reviewed the findings of fact and conclusions of law therein, as well as the pleadings on file and objections, and having made a de novo disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, Fed. R. Civ. P. 72(b)(3), the Court hereby adopts as its own the findings and conclusions of the Magistrate Judge, subject to the following exceptions and clarifications.

With respect to the Magistrate Judge's findings as to the Christus Defendants' status as local government entities or arms of the state, the Court does not adopt the Magistrate's reference to evidence outside the pleadings (D.E. 36 at 10). See, e.g., Boyd v. Dallas Indep. Sch. Dist., 2009 WL 159243, at *1 (N.D. Tex. Jan. 21, 2009) ("In deciding a Rule 12(c) motion, a court cannot look beyond the face of the pleadings."); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996) ("In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) . . . the court may not look beyond the pleadings . . . ."); Fed. R. Civ. P. 12(h)(2)(B) (failure to state a claim may be raised by a Rule 12(c) motion). This does not, however, change the outcome on this issue in light of the Fifth Circuit decision in Laje v. R.E. Thomason General Hospital, 665 F.2d 724, 727-

28 (5th Cir. 1993) and state court decisions such as <u>Mitchell v. Amarillo Hospital District</u>, 855 S.W.2d 857, 865 (Tex. App. – Amarillo 1993, writ denied), which have determined that hospital districts (and their components) are independent legal entities rather than arms of the state, and thus subject to suit under Section 1983.  In light of these decisions, the Court concludes that a private entity that contracts with a hospital district must also be an independent legal entity and not an "arm of the state."

The Court also clarifies that it interprets the Magistrate's statement that "no state statute or case law were found characterizing the hospital as an arm of the state," (D.E. 36 at 10) to mean only that no statute or case law specifically characterizes Christus Spohn as an arm of the state; the Magistrate acknowledges the <u>May v. Nacogdoches Memorial Hospital</u> decision in her opinion and she was certainly aware of this decision. The Magistrate did not err, however, in relying on relevant Fifth Circuit precedent and Texas decisions following that precedent in determining the applicability of Section 1983.

Finally, the Court clarifies that it understands Defendants to argue that Texas Health and Safety Code Sections 285.071-.072 merely grants Christus governmental status under TTCA, and does not, by virtue of this designation, mean it is a state actor for purposes of Section 1983.  (D.E. 41 at 10-11.)

With respect to the Magistrate Judge's findings as to whether the Christus Defendants are state actors, the Court finds that under the standards announced in <u>Brentwood Academy v. Tennessee Secondary School Athletic Ass'n</u>, 531 U.S. 288, 295-96 (2001), Plaintiff has sufficiently alleged that Defendants are state actors.  The <u>Brentwood</u> Court noted the difficulty in making this determination, explaining that "the

criteria lack rigid simplicity." Id. at 295. The Court also cited its earlier decision in West v. Atkins in stating that a "nominally private entity" may be a state actor where "it has been delegated a public function by the State." Id. (citing West v. Atkins, 487 U.S. 42, 49 (1988)). Plaintiff has pled, and Defendants do not deny, that such a delegation exists here, through Christus' contract with the NCHD. Finally, although the Court agrees with Defendants that Christus' status as a "governmental unit" under Texas law does not automatically make Christus a state actor under Section 1983, the Court finds that Christus' status as a state actor is in fact derived from its contract with the NCHD to provide healthcare services for the community, not Section 285.072. In other words, both Christus' "governmental unit" status under Texas law and "state actor" status under federal law derive from its contractual relationship with the NCHD.

With respect to Magistrate Judge Ellington's findings as to the adequacy of Plaintiff's Section 1983 claims against Christus Health, the Court concludes that Plaintiff has sufficiently pled a Section 1983 claim against Christus Health at this stage of the proceedings.

Accordingly, it is ORDERED that the Christus Defendants' Rule 12(c) Motion to Dismiss is DENIED. (D.E. 21.)

### E.     Plaintiff's Motion for Declaratory Judgment (D.E. 22)

Because the Court has concluded, above, that Sections 285.071 and 285.072 do not prevent Plaintiff from asserting any of her claims in this litigation,[6] the Court need

---

[6] While the Court has concluded that Plaintiff may not bring a claim under Section 81.010 of the Texas Civil Practice and Remedies Code, this is due to the Court's conclusion that the Christus Defendants are *not* governmental units for purposes of that Section, and is not affected by their governmental unit status under Sections 285.071 and 285.072.

not reach the constitutional issues raised in Plaintiff's Motion of Declaratory Judgment. This Motion is therefore DENIED AS MOOT. (D.E. 22.)

## IV. Conclusion

For the reasons stated above, (1) Defendant Nueces County Hospital District's 12(b)(6) Motion to Dismiss is DENIED (D.E. 18), (2) Defendant Christus Spohn and Christus Health's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, Alternatively, Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 is DENIED in part and GRANTED in part (with respect to claims brought under Section 81.010 of the Texas Civil Practice and Remedies Code only) (D.E. 19), (3) Defendant Christus Health's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) is DENIED (D.E. 20), (4) Defendant Christus Spohn and Christus Health's Motion for Judgment on the Pleadings Regarding Plaintiff's 42 U.S.C. § 1983 Claims is DENIED (D.E. 21), and (5) Plaintiff's Motion for Declaratory Judgment is DENIED AS MOOT (D.E. 22).

SIGNED and ORDERED this 26th day of January, 2010.

_____
Janis Graham Jack
United States District Judge