IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SUSANNA HINOJOSA RODRIGUEZ, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. C-09-95 |
| CHRISTUS SPOHN HEALTH SYSTEM CORPORATION, ET AL., | § § § | |
| *Defendants*. | § § | |

**CHRISTUS DEFENDANTS' MOTION FOR RECONSIDERATION OF THIS COURT'S 1/26/10 ORDER DENYING CHRISTUS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1), OR, ALTERNATIVELY, MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

Defendants CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus Christi–Memorial (also sued as CHRISTUS Spohn Health System Corporation), and CHRISTUS Health (collectively, "CHRISTUS") file this their Motion for Reconsideration of This Court's January 26, 2010 Order Denying CHRISTUS' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, Alternatively, Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56. In support thereof, CHRISTUS respectfully shows the following: [1]

**OVERVIEW**

CHRISTUS respectfully requests that this Court reconsider its January 26, 2010 Order

---

[1] CHRISTUS files this motion expressly subject to and without waiving its right to appeal any other rulings contained in this Court's January 26, 2010 Order that are not addressed in this motion. CHRISTUS' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, Alternatively, Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56, its reply in support of such motion, and all exhibits to such briefs are expressly incorporated by reference herein. D.E. 19, 32.

denying in part CHRISTUS' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, Alternatively, Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56. D.E. 54. In said order, this Court correctly ruled that: (1) CHRISTUS is a hospital district management contractor and, thus, a governmental unit for purposes of, *inter alia*, the Texas Tort Claims Act ("TTCA") under Texas Health and Safety Code §§ 285.071 and 285.072; and (2) Ms. Rodriguez failed to prove that any of the exceptions to governmental immunity under the TTCA are directly applicable in this case – a jurisdictional prerequisite to bringing her state law claims against CHRISTUS. *Id*. at 7-9.

This Court, however, erred in ruling that CHRISTUS is not entitled to dismissal of Ms. Rodriguez's health care liability claims, claims under Chapter 321 of the Texas Health and Safety Code, and claims under Chapter 81 of the Texas Civil Practice and Remedies Code (except for her claims under Texas Civil Practice and Remedies Code § 81.010) on the ground that the above claims are not claims "under the TTCA." *Id*. at 10-14. As shown below, those rulings contravene well-established Texas law holding that: (1) health care liability claims are common law causes of action and, thus, are claims "under the TTCA" under this Court's own standard; and (2) statutory causes of action also are claims "under the TTCA" and, thus, must satisfy the TTCA's prerequisites to suit so long as the Legislature did not clearly and unambiguously waive a governmental unit's immunity from suit or liability in those statutes.

With respect to the former category of causes of action, classifying health care liability claims as statutory claims would constitute an unprecedented departure from black-letter Texas jurisprudence holding that such claims are common law negligence causes of action. Chapter 74 of the Texas Civil Practice and Remedies Code merely imposes certain requirements and limitations on such causes of action (*e.g.*, preliminary expert reports, damages caps, *etc*.).

Chapter 74 *does not* create any cause of action, and no authority exists for that proposition.

With respect to the latter category of causes of action, the Texas Supreme Court has expressly held that the Legislature did not clearly and unambiguously waive a governmental unit's immunity when it enacted Chapter 321 of the Texas Health and Safety Code. Thus, Ms. Rodriguez's claim against CHRISTUS under that statute is a claim "under the TTCA." Since there is no dispute Ms. Rodriguez's claim that CHRISTUS violated Chapter 321 does not fall within TTCA's the waiver of immunity provisions, that claim must be dismissed. Chapter 81 of the Texas Civil Practice and Remedies Code (except Section 81.010(b)) also does not clearly and unambiguously waive a governmental unit's immunity. Thus, such claim falls under the TTCA and must be dismissed because it does not fall within the TTCA's waiver of immunity provision.

Finally, this Court should grant CHRISTUS' motion to dismiss Ms. Rodriguez's claims against John Hill under Texas Civil Practice and Remedies Code § 101.106(e) because Ms. Rodriguez has filed suit against both CHRISTUS and Mr. Hill under the TTCA, thereby satisfying the essential requirements for dismissal under Section 101.106(e).

Consequently, CHRISTUS respectfully requests that this Court reconsider its January 26, 2010 Order and grant CHRISTUS' motion to dismiss or, alternatively, motion for summary judgment on Ms. Rodriguez's remaining state law claims against CHRISTUS and Mr. Hill.

## ARGUMENT & AUTHORITIES

**I.  This Court Erred in Holding that Health Care Liability Claims are Statutory Causes of Action To Which the TTCA Does Not Apply**

CHRISTUS respectfully submits that this Court erred in denying CHRISTUS' motion to dismiss Ms. Rodriguez's state law health care liability claims on the ground that such claims are statutory claims under Chapter 74 of the Texas Civil Practice and Remedies Code – "not simple common-law tort claims" – and, thus, do not fall within the scope of the TTCA.  D.E. 54, p. 11.

3

This Court reasoned that, while common law tort claims are brought "under the TTCA," statutory causes of action are not. *Id*. at 9. Therefore, based on its ruling that CHRISTUS is a governmental unit only for purposes of the TTCA, this Court ruled that CHRISTUS is not a governmental unit with respect to claims brought under Chapter 74 and, thus, is not entitled to governmental immunity from such claims. *Id*. at 11-12. This Court's ruling, however, directly contravenes well-established Texas precedent repeatedly and uniformly holding that health care liability claims are ***common law*** causes of action. Accordingly, Ms. Rodriguez's failure to plead a health care liability claim that falls within the TTCA's waiver of immunity provision is fatal to this Court's jurisdiction over that claim, and that claim must be dismissed.

### A. The Elements of a Health Care Liability Claim Are Not Prescribed by Statute

This Court's January 26, 2010 Order concludes that health care liability claims are statutory claims because: (1) the term "health care liability claim" is defined by statute; and (2) Ms. Rodriguez's claims fit within the definition of a "health care liability claim." *Id*. at 11. Chapter 74 of the Texas Civil Practice and Remedies Code, however, ***does not*** create a statutory cause of action called a "health care liability claim." Instead, Chapter 74 merely defines what a "health care liability claim" is for the purpose of determining whether a common law claim against a health care provider, like Ms. Rodriguez's claim against CHRISTUS, is subject to the requirements and limitations imposed by Chapter 74 on such claims (*e.g.*, the preliminary expert report requirement, damages caps, *etc.*). Stated another way, a "health care liability claim" is merely a label that the Legislature applies to certain common law claims brought against health care providers.[2] Texas common law, not Chapter 74, dictates the legal requirements for

---

[2] In this case, Ms. Rodriguez readily concedes that her negligence claim against CHRISTUS is a "health care liability claim" subject to Chapter 74. Exhibit 1, p. 1.

4

prevailing on a health care liability claim, which include proof of the following elements: (1) the health care provider had a duty to act according to a certain standard of care; (2) the health care provider breached that duty; and (3) the breach proximately caused the claimant's injury.[3]

### B. Texas Courts Have Repeatedly Held that Health Care Liability Claims Are Common-Law Causes of Action

Significantly, Texas courts, including the Texas Supreme Court, have repeatedly and uniformly recognized that negligence claims against health care providers are common law causes of action, ***not*** statutory causes of action under Chapter 74 (or its statutory predecessor, Article 4590i of the Texas Revised Civil Statutes). *See, e.g., Rose v. Doc. Hosp.,* 801 S.W.2d 841, 843, 845 (Tex. 1990) (p. 843: "[V]ictims of medical negligence have a well-defined ***common law*** cause of action to sue for injuries." / p. 845: "Like all actions based upon theories of negligence, the [plaintiffs'] cause of action was a ***common law*** claim") (emphasis added); *Moreno v. Sterling Drug Inc.,* 787 S.W.2d 348, 357 (Tex. 1990) ("[A] medical malpractice action [is a] well established ***common law*** cause of action.") (emphasis added); *Lucas v. United States,* 757 S.W.2d 687, 690 (Tex. 1988) ("Texas courts have long recognized that victims of medical negligence have a well-defined ***common law*** cause of action to sue for injuries negligently inflicted upon them.") (emphasis added); *Westphal v. Diaz,* 918 S.W.2d 543, 553 (Tex. App.–Corpus Christi 1996), *rev'd on other grounds*, 941 S.W.2d 96 (Tex. 1997) ("A medical malpractice cause of action is a well-established ***common law*** cause of action)

---

[3] *See, e.g., Columbia Med. Ctr. v. Hogue*, 271 S.W.3d 238, 246 (Tex. 2008); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008); *IHS Cedars Tmt Ctr. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Smith v. Mossbcker, M.D.*, 94 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2002, no pet.); *Klug v. Ramirez*, 830 S.W.2d 801, 804 (Tex. App.—Corpus Christi 1992, no writ); *Gonzales v. Outlar*, 829 S.W.2d 931, 933 (Tex. App.—Corpus Christi 1992, no writ); *Garza v. Levin*, 769 S.W.2d 644, 645 (Tex. App.—Corpus Christi 1989, writ denied).

(emphasis added); *see also Shah v. Moss*, 67 S.W.3d 836, 846 (Tex. 2001) (recognizing that plaintiff's negligence claim against physician is common law cause of action).

Tellingly, Ms. Rodriguez did not cite a single case in her response to CHRISTUS' motion to dismiss that supports the proposition that her health care liability claim against CHRISTUS is a statutory cause of action under Chapter 74. She did not because she could not. Similarly, this Court also did not cite any authority to support its ruling that Ms. Rodriguez's health care liability claims against CHRISTUS "are not simple common-law tort claims." To reiterate, ***Chapter 74 does not create a statutory cause of action***. Chapter 74 simply imposes certain statutory requirements and limitations on common law negligence causes of action against health care providers. This is black-letter Texas law, and if this Court's decision is allowed to stand, it will constitute an unprecedented departure from longstanding Texas jurisprudence.

### C. If Health Care Liability Claims Do Not Fall "Under the TTCA," the Hospital District Management Contractor Statute Will Be Rendered Meaningless

Finally, CHRISTUS urges this Court to reconsider its ruling that health care liability claims are statutory causes of action that do not fall under the TTCA because it not only is legally insupportable but also would render Texas Health and Safety Code §§ 285.071 and 285.072 meaningless. Those statutes' legislative history establishes that their purpose and effect is to provide non-profit corporations like CHRISTUS the same protections from suit and liability that hospital districts are entitled to assert when those non-profit corporations step into the shoes of hospital districts to manage or operate a hospital or provide services in those districts.[4] This

---

[4] *See* Tex. H.B. 2453, 78th Leg., R.S. (2003) (Bill Analysis from County Affairs Committee Report) ("The purpose of H.B. 2453 is to provide the same protections for nonprofit corporations that either operate an acute care hospital in a hospital facility it leases from a hospital district, and/or provide indigent health care services under contract with the hospital district" / "H.B. 2453 amends Sections 285.071 and 285.072 of the Health and Safety Code to include nonprofit corporations that either operate an acute care hospital in a hospital facility it leases from a hospital district, and/or provide indigent health care services under contract with

incentive is particularly important in areas where hospital districts may lack the necessary resources to do so. Subjecting hospital district management contractors to *greater* liability exposure in the most frequent and likely instances in which it will be sued fatally undermines the Legislature's stated purpose of providing "the *same* protections" for non-profit corporations like CHRISTUS to encourage them to enter into contracts with hospital districts like the NCHD.

Consequently, in accordance with the authorities above, Ms. Rodriguez's assertion of a negligence claim against CHRISTUS for personal injuries she allegedly sustained while she was a patient at CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus Christi–Memorial is a common law cause of action and, thus, is a claim "under the TTCA" based on this Court's own interpretation of that phrase. Given the undisputed fact that such claim does not fall within the scope of the TTCA's waiver of immunity provision, such claim must be dismissed for lack of jurisdiction.[5]

## II. This Court Erred in Ruling That the TTCA Does Not Apply to Ms. Rodriguez's Claims Under Chapter 321 of the Texas Health and Safety Code

CHRISTUS further respectfully submits that this Court erred when it ruled that CHRISTUS is not entitled to governmental immunity from Ms. Rodriguez's claims under Chapter 321 of the Texas Health and Safety Code because: (1) such claims "are not common law tort claims, but rather are statutory causes of action"; and (2) "[a]s such, Christus' 'government unit' status granted under Section 285.072 does not apply to suits brought under Chapter 321."

---

the hospital district. This allows nonprofit corporations to be covered under Chapters 101 and 102 of the Civil Practice and Remedies Code regarding liability."). D.E. 25, ex. 6.

[5] Ms. Rodriguez concedes in her Motion for Declaratory Judgment that she cannot establish a use or misuse or tangible or real property such as to satisfy the statutory prerequisites for bringing her claims against a governmental unit under the TTCA. D.E. 22, p. 10. This Court correctly agreed. D.E. 54, p. 9 ("Further, it is apparent that none of the exceptions provided by the TTCA are directly applicable in this case").

D.E. 54, p. 13. However, this Court's ruling is based on the erroneous premise that only common law tort causes of action are claims "under the TTCA." As shown in CHRISTUS' motion to dismiss, the Texas Supreme Court expressly held that the Legislature did not clearly and unambiguously waive immunity for Chapter 321 claims. Therefore, Chapter 321 claims are claims under the TTCA even though they are statutory tort causes of action.

### A. The TTCA Is Not Limited to Common Law Causes of Action

This Court's assumption that statutory tort causes of action are not causes of action "under the TTCA" disregards a long line of Texas authority recognizing that statutory causes of action – *e.g.*, wrongful death and survivor actions[6] – are causes of action under the TTCA (*i.e.*, subject to the TTCA's requirements and limitations). *See, e.g.*, *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 340-43 (Tex. 1998) (applying TTCA's waiver of immunity provision to wrongful death action filed against government health care facility); *Kerrville State Hosp. v. Clark,* 923 S.W.2d 582, 583-86 (Tex. 1996) (same); *Kassen v. Hatley,* 887 S.W.2d 4, 13-14 (Tex. 1994) (same); *Tex. Tech Univ. Health Sci. Ctr. v. Ward*, 280 S.W.3d 345, 347-57 (Tex. App.–Amarillo 2008, pet. denied) (same); *Wise Reg'l Health Sys. v. Brittain,* 268 S.W.3d 799, 803-11 (Tex. App.–Fort Worth 2008, no pet.) (same). Those statutory causes of action fall under the TTCA (*e.g.*, must satisfy the TTCA's waiver of immunity provision) because the Legislature ***did not*** clearly and unambiguously waive governmental immunity for such claims in those statutes. *See Mission Cons. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008). This Court's holding that only common law causes of action fall under the TTCA irreconcilably conflicts with the above precedent. Based on such precedent, this Court

---

[6] *See, e.g.*, *Edinburg Hosp. Auth. v. Trevino,* 941 S.W.2d 76, 78 (Tex. 1997) ("No cause of action for wrongful death existed at common law; the right to sue for wrongful death is 'purely a creature of statute'"); *Witty v. American Gen. Capital Distribs., Inc.,* 727 S.W.2d 503, 504 (Tex. 1987) ("A wrongful death cause of action is purely a creature of statute").

8

must review the plain language of Chapter 321 of the Texas Health and Safety Code to determine whether the Legislature clearly and unambiguously waived immunity for claims asserted under that statute. If not, then Ms. Rodriguez's Chapter 321 claim falls under the TTCA, and Ms. Rodriguez must prove that such claim falls within the TTCA's waiver of immunity provision.

      **B.**    *Mission Consolidated Independent School District v. Garcia* **and** *Kelemen v. Elliott* **Do Not Limit the Application of the TTCA to Common Law Tort Causes of Action**

This Court's citation of *Mission Consolidated Independent School District v. Garcia*, 253 S.W.3d 653 (Tex. 2008) and *Kelemen v. Elliott*, 260 S.W. 518 (Tex. App.–Houston [1st Dist.] 2008, no pet.) to support this Court's conclusion that "statutory causes of action . . . are not brought under the TTCA" is inapposite. D.E. 54, pp. 9-10. This Court erroneously reasoned that because statutory causes of action such as those brought under the Texas Commission on Human Rights Act ("TCHRA") and the Texas Whistleblower Act are not brought under the TTCA, no statutory causes of action can be brought under the TTCA. *Id.*; *Garcia,* 253 S.W.3d at 654 (holding that claims under TCHRA are not brought under TTCA); *Kelemen,* 260 S.W.3d at 523 (holding that claims under TCHRA and Texas Whistleblower Act are not brought under TTCA). The courts in *Garcia* and *Kelemen*, however, did not purport to establish a hard and fast rule that all statutory causes of action do not fall under the TTCA. Instead, the Texas Supreme Court in *Mission* made clear that statutory tort causes of action are not brought under the TTCA ***when the statute under which the claim is brought contains an express waiver of sovereign immunity*** (thereby obviating the need to determine whether immunity is waived under the TTCA). *Garcia,* 253 S.W.3d at 659 (". . . [A]s we have said, all tort theories of recovery alleged against a governmental unit are presumed to be 'under the [Tort Claims Act].' . . . Claims against the governmental unit ***brought pursuant to waivers of sovereign immunity that exist apart from the Tort Claims Act*** are not brought 'under [the Tort Claims Act].'") (emphasis added). It

9

necessarily and logically follows that statutory torts are brought under the TTCA if the Legislature did not expressly waive immunity for such claims in those statutes. *Id.*

The TCHRA and the Texas Whistleblower Act render *Garcia* and *Kelemen* readily distinguishable from this case because the Legislature expressly consented to suit and waived governmental immunity for the plaintiff's causes of action under those two statutes. *See* TEX. LAB. CODE ANN. § 21.254 (Vernon 2006) (waiving sovereign immunity for violations of the TCHRA); TEX. GOV'T CODE ANN. § 554.0035 (Vernon 2004) (waiving sovereign immunity for Whistleblower Act claims). As the Houston [1st Dist.] Court of Appeals confirmed:

> [S]tatutory claims with waivers of immunity apart from the Tort Claims Act are not claims under the Tort Claims Act because the Tort Claims Act expressly provides that the remedies it authorizes "are in addition to any other legal remedies." . . . ***[T]he claims filed . . . for violations of the TCHRA and for a violation of the Whistleblower Act are not claims filed under the Tort Claims Act because the claims are filed pursuant to waivers of sovereign immunity that exist apart from the Tort Claims Act.***

*Kelemen,* 260 S.W.3d at 523 (emphasis added). Unlike the TCHRA and the Whistleblower Act, the Texas Supreme Court held that Chapter 321 of the Texas Health and Safety Code ***does not*** contain any such consent to suit or waiver of immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 693-702 (Tex. 2003). Therefore, Chapter 321 claims fall under the TTCA.[7]

---

[7] For other examples wherein the Legislature expressly waived a governmental unit's immunity from suit, *see* TEX. CIV. PRAC. & REM. CODE § 101.025(a) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."); *Id.* at § 63.007(b) ("The state's sovereign immunity to suit is waived only to the extent necessary to authorize a garnishment action in accordance with this section."); TEX. GOV'T CODE § 2007.004(a) ("Sovereign immunity to suit . . . is waived and abolished to the extent of liability created by this chapter."); *id.* at § 554.0035 ("A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter."); TEX. PROP. CODE § 74.506(c) ("The state's immunity from suit without consent is abolished with respect to suits brought under this section."). No such language can be found in Chapter 321 of the Texas Health and Safety Code.

In sum, because Chapter 321 (like the wrongful death and survival statutes) does not contain a provision expressly and unambiguously waiving governmental immunity, claims under Chapter 321 fall under the TTCA. Thus, CHRISTUS is entitled to governmental immunity from a claim under Chapter 321 unless the TTCA's waiver of immunity provision applies, which Ms. Rodriguez indisputably failed to establish. Accordingly, CHRISTUS respectfully submits that this Court erred in denying CHRISTUS' motion to dismiss Ms. Rodriguez's Chapter 321 claims.

### III. This Court Erred in Ruling That the TTCA Does Not Apply to Ms. Rodriguez's Claims Under Chapter 81 of the Texas Civil Practice and Remedies Code

This Court further incorrectly concluded that because claims brought under Chapter 81 of the Texas Civil Practice and Remedies Code for alleged injuries caused by a mental health services provider are statutory causes of action, such causes of action are not brought under the TTCA. D.E. 54, p. 12. But, as shown above, statutory causes of action fall under the TTCA unless the Legislature clearly and unambiguously waives governmental immunity in the statutes in question. *See* discussion *supra*, pp. 8-10. The Legislature clearly and unambiguously waived governmental immunity for claims brought under Texas Civil Practice and Remedies Code § 81.010(b). TEX. CIV. PRAC. & REM. CODE § 81.010(d) ("Governmental immunity to suit is waived and abolished only to the extent of the liability created by Subsection (b)"). Consequently, a claim under Section 81.010(b) is not a claim under the TTCA. In light of this Court's ruling that Texas Health and Safety Code § 285.072 renders CHRISTUS a hospital district management contractor and, thus, a governmental unit for purposes of Chapters 101, 102, and 108 of the Texas Civil Practice and Remedies Code only (D.E. 54, p. 9), this Court correctly ruled that Ms. Rodriguez's claim under Section 81.010(b) must be dismissed because CHRISTUS is not a governmental unit for purposes of Section 81.010(b) (*id.* at 14).

11

In contrast, the other provisions of Chapter 81 – namely, Sections 81.001 through 81.009 – upon which Ms. Rodriguez sued CHRISTUS do not contain any comparable, valid consent to suit or waiver of governmental immunity. Therefore, as shown above, they are claims under the TTCA that can be brought against a governmental unit only if they fall within the TTCA's waiver of immunity provision. *See* discussion *supra*, pp. 8-10. Again, Ms. Rodriguez does not dispute and this Court has ruled that Ms. Rodriguez's claims against CHRISTUS do not fall within the TTCA's waiver of immunity provision. *See* discussion *supra*, p. 7 n.5. Accordingly, Ms. Rodriguez's remaining Chapter 81 claims must be dismissed as well.

## IV.   This Court Erred in Denying CHRISTUS' Motion to Dismiss John Hill Pursuant to Texas Civil Practice and Remedies Code § 101.106(e)

Finally, CHRISTUS respectfully requests that this Court reconsider its ruling denying CHRISTUS' motion to dismiss John Hill pursuant to Texas Civil Practice and Remedies Code § 101.106(e). Section 101.106(e) states in full as follows:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.106(e). On its face, to obtain dismissal of Mr. Hill under Section 101.106(e), CHRISTUS need only show that: (1) claims were brought against both CHRISTUS and Mr. Hill; and (2) both claims were filed "under the [TTCA]." *Id*.

In its January 26, 2010 order, this Court correctly ruled that Ms. Rodriguez's assault and battery claims against Mr. Hill constitute claims "under the TTCA." D.E. 54, pp. 14-15. But this Court erred in ruling that CHRISTUS was not entitled to dismissal of Mr. Hill under Section 101.106(e) because "Plaintiff has only brought tort claims of assault and battery against Defendant Hill, and not the governmental entities." *Id*. at 15-16; *see also id*. at 15 ("Plaintiff has brought assault and battery claims against Hill alone, not against any of the governmental units. .

12

. . Rather, only statutory claims [were] brought against those entities"). In so ruling, this Court appeared to hold not only that Ms. Rodriguez's claims against CHRISTUS were not claims under the TTCA because they were statutory claims but also that Section 101.106(e) requires that the *same* causes of action be brought against both CHRISTUS and Mr. Hill.

As an initial matter, CHRISTUS has already conclusively established that – at a minimum – Ms. Rodriguez's health care liability claims against CHRISTUS are common law causes of action that fall "under the TTCA." *See* discussion *supra*, pp. 4-7. CHRISTUS also has conclusively established that Ms. Rodriguez's Chapter 321 and remaining Chapter 81 claims against CHRISTUS are claims "under the TTCA" even though they are statutory claims. *Id*. at 7-12. Accordingly, based on Section 101.106(e)'s express and unambiguous language, CHRISTUS is entitled to dismissal of the state law claims against Mr. Hill because Ms. Rodriguez has filed suit against both CHRISTUS and Mr. Hill "under the [TTCA]."[8]

CHRISTUS further respectfully submits that this Court erred to the extent it required that the *same* causes of action be asserted against both CHRISTUS and Mr. Hill. Significantly, *Kelemen* supports what Section 101.106(e) on its face establishes – that no such requirement exists. In *Kelemen*, the plaintiff alleged that she was assaulted and sexually harassed by a colleague while on duty at the Texas City Police Department and that, less than two months after the incident, was terminated from her probationary employment with the Department. *Kelemen*, 260 S.W.3d at 520. The plaintiff filed suit against her colleague as well as the City of Texas

---

[8] *Kelemen v. Elliott* is readily distinguishable on the facts because the sole claims asserted by the plaintiff against the governmental unit in that case were statutory causes of action under the TCHRA and the Whistleblower Act, which are not claims under the TTCA because claims against a governmental unit under those statutes "are filed pursuant to waivers of sovereign immunity that exist apart from the Tort Claims Act." *Kelemen*, 260 S.W.3d at 523. Ms. Rodriguez, on the other hand, has asserted not only statutory tort causes of action that do not contain such waivers of governmental immunity but common law causes of action as well.

13

City, alleging: (1) claims of Texas Penal Code violations (assault and sexual harassment) against her colleague based on the assault; and (2) claims of gender discrimination and retaliation under the Texas Commission on Human Rights Act and violations of the Whistleblower Act against Texas City based on the city's termination of her employment after the assault. *Id*.

The Houston [1st Dist.] Court of Appeals reversed the trial court's granting of Texas City's motion to dismiss its employee under Section 101.106(e) on the ground that the plaintiff's claims against Texas City under the TCHRA and the Whistleblower Act were not claims under the TTCA. *Id*. at 522-23. While the Court of Appeals noted that the claims involved "distinct conduct" and that "[n]one of the claims against the City is asserted against [the individual defendant]" and vice-versa (*id*.), it is important to note that the Court of Appeals did not stop there in concluding that Texas City's motion to dismiss under Section 101.106(e) should be denied. Instead, the Court of Appeals focused primarily on analyzing whether the plaintiff's TCHRA and Whistleblower Act claims against Texas City were claims "under the TTCA" and considered it significant – if not dispositive – that those claims were not claims "under the TTCA." *Id*. If the Court of Appeals had purported to establish a bright-line rule that claims against a governmental unit and its employee must involve the *same* causes of action and/or the *same* conduct (*e.g.*, assault of the plaintiff), then the Court of Appeals need not have engaged in its extensive analysis of whether a claim under the TCHRA and the Whistleblower Act are claims "under the TTCA." Yet the Court of Appeals did. This fact suggests that the Court of Appeals considered the assertion of the same causes of action or the assertion of causes of action based on the same conduct to be merely probative, but not dispositive, on whether claims "under the TTCA" have been brought against both the governmental unit and its employee so as to

14

establish the propriety of the employee's dismissal under the Section 101.106(e).[9]

Here, this Court need not engage in such analysis where CHRISTUS has shown that Ms. Rodriguez's claims against CHRISTUS are claims "under the TTCA," which is all Section 101.106(e) requires. Nevertheless, it bears mention that Ms. Rodriguez's claims against CHRISTUS and Mr. Hill both arise from the same alleged incident – the alleged sexual assault and harassment of Ms. Rodriguez during her hospitalization at Memorial.

### REQUEST FOR EXPEDITED CONSIDERATION

CHRISTUS respectfully requests that this Court resolve this motion on an expedited basis not only due to the abbreviated discovery and other deadlines in this litigation but also due to the February 25, 2010 deadline for perfecting an appeal of this Court's January 26, 2010 order under the collateral order doctrine. It is CHRISTUS' hope that its concerns regarding this Court's January 26, 2010 order may be addressed by this Court on reconsideration, eliminating the need to incur the expense and delay of an appeal.

While CHRISTUS believes that there is authority to pursue an appeal of this Court's January 26, 2010 order under the collateral order doctrine, CHRISTUS further requests out of an abundance of caution that this Court certify its January 26, 2010 order (and, if appropriate, any order denying CHRISTUS' motion for reconsideration) for interlocutory appeal under 28 U.S.C. § 1292(b) in the event this Court denies the relief requested in CHRISTUS' motion for reconsideration. An interlocutory appeal under Section 1292(b) would be appropriate because the denial in part of CHRISTUS' motion to dismiss: (1) involves a controlling question of law (*e.g.*, whether Ms. Rodriguez's health care liability claim is a common law or statutory cause of

---

[9] *See also Singleton v. Casteel*, 267 S.W.3d 547, 549-55 (Tex. App.–Houston [14th Dist.] 2008, pet. denied) (reversing trial court's denial of governmental unit's motion to dismiss claims against employees under Section 101.106(e) even where plaintiff's claims against employees included different causes of action and causes of action based on distinct acts of misconduct).

15

action, whether Ms. Rodriguez's claims under Chapter 321 of the Texas Health and Safety Code and Chapter 81 of the Texas Civil Practice and Remedies Code are claims under the TTCA) (2) as to which there is a substantial ground for difference of opinion and (3) an immediate appeal may materially advance the ultimate termination of this litigation.

## CONCLUSION

For the reasons stated above, CHRISTUS respectfully requests that this Court: (1) grant their Motion for Reconsideration of This Court's January 26, 2010 Order, Denying CHRISTUS' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, Alternatively, Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56; (2) vacate the portions of this Court's January 26, 2010 order denying said motion as to Ms. Rodriguez's state law claims against CHRISTUS and John Hill; and (3) dismiss Ms. Rodriguez's remaining state law claims against CHRISTUS and John Hill. CHRISTUS further requests that this Court grant it all other relief to which it is entitled.

DATED: February 5, 2010

Respectfully submitted,

By  /s/ David R. Iler
    David R. Iler, *Attorney in Charge*
    State Bar No. 10386480
    S.D. Texas No. 6235
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  (713) 651-5151
Facsimile:   (713) 651-5246

**Attorney for Defendants CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus Christi–Memorial, CHRISTUS Spohn Health System Corporation, and CHRISTUS Health**

OF COUNSEL:

FULBRIGHT & JAWORSKI L.L.P.

Warren Huang
State Bar No. 00796788
S.D. Texas No. 20509
Jessica P. Sykora
State Bar No. 24066172
S.D. Texas No. 993551
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:   (713) 651-5151
Telecopier:   (713) 651-5246

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of CHRISTUS Defendants' Motion for Reconsideration of This Court's January 26, 2010 Order, Denying CHRISTUS' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, Alternatively, Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 was served pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Texas by electronic filing on February 5, 2010:

| | |
|---|---|
| Ms. Gay E. Gilson<br>LAW OFFICES OF GAY E. GILSON<br>719 South Shoreline, Suite 301A<br>Corpus Christi, Texas  78414<br>(Counsel for Plaintiff) | Mr. Adriaan T. Jansse, MD, JD<br>JANSSE & MOORE, PLLC<br>111 Soledad, Suite 300<br>San Antonio, TX  78205<br>(Counsel for Plaintiff) |
| Mr. James McKibben<br>HERMANSEN, MCKIBBEN, WOOLSEY &<br>VILLARREAL, L.L.P.<br>Tower II, Suite 1100<br>555 North Carancahua<br>Corpus Christi, TX 78478<br>(Counsel for NCHD) | Mr. Edward Barker<br>BARKER, LEON & FANCHER, L.L.P.<br>Tower II, Suite 1200<br>555 North Carancahua<br>Corpus Christi, TX 78478<br>(Counsel for John Hill) |

                                            /s/ David R. Iler
                                                 David R. Iler

## REQUEST FOR HEARING

Pursuant to Southern District of Texas Local Rule 7.5, Defendants CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus Christi–Memorial (also sued as CHRISTUS Spohn Health System Corporation) and CHRISTUS Health respectfully request a hearing on their Motion for Reconsideration at this Court's earliest convenience.

/s/ David R. Iler  
David R. Iler
