UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SUSANNA HINOJOSA RODRIGUEZ, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-09-95 |
| | § | |
| CHRISTUS SPOHN HEALTH SYSTEM | § | |
| CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On this day came on to be considered Christus Defendants' Motion for Reconsideration of this Court's 1/26/10 Order Denying Christus' Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), or, Alternatively, Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (the "Motion for Reconsideration"). (D.E. 55.)

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; [or] (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." Brown v. Mississippi Co-op Extension Service, 89 Fed. Appx. 437, 439 (5th Cir. 2004) (citing Schiller v. Physicians Resource Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)).[1] A motion to reconsider "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003). A

---

[1] As the Motion for Reconsideration is filed within the time limits established in Rule 59(e), the Court treats this Motion as being filed under Rule 59(e), rather than Rule 60. See Texas A&M Research Foundation v. Magna Transp., Inc., 338 F.3d 394, 400 (5th Cir. 2003) ("Under which Rule the motion [for reconsideration] falls turns on the time at which the motion is [filed]. If the motion is [filed no later than] [twenty-eight] days of the rendition of judgment, the motion falls under Rule 59(e); if it is [filed] after that time, it falls under Rule 60(b)."); Charles L.M. v. Northeast Indep. Sch. Dist., 884 F.2d 869, 869 (5th Cir. 1989) (same).

district court has discretion in deciding whether to grant a motion for reconsideration. Weber v. Roadway Exp., Inc., 199 F.3d 270, 276 (5th Cir. 2000). In this case, the Court determines that none of the above factors warrant reconsideration of its January 26, 2010 Order. (D.E. 54.)

In the event that the Court denies the Motion for Reconsideration, Defendants request that the Court certify its January 26, 2010 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (D.E. 55 at 15-16.) A district court must find three elements in order to certify an order for an interlocutory appeal: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." In re Ichinose, 946 F.2d 1169, 1177 (5th Cir. 1991); 28 U.S.C. § 1292(b). The Court finds that these three factors are present in relation to its January 26, 2010 Order, and thus concludes that certification of that Order for interlocutory appeal is warranted. (D.E. 55.)

In light of the above discussion and the Court's January 26, 2010 Order, the Court hereby DENIES Defendants' Motion for Reconsideration. (D.E. 55.) The Court, however, GRANTS Defendants' request to certify the Court's January 26, 2010 Order for interlocutory appeal under 28 U.S.C. § 1292(b), and hereby certifies that Order for interlocutory appeal to the U.S. Court of Appeals for the Fifth Circuit.

SIGNED and ORDERED this 8th day of February, 2010.

_____
Janis Graham Jack
United States District Judge