UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SUSANNA HINOJOSA RODRIGUEZ, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | CIVIL ACTION NO. C-09-95 |
| CHRISTUS SPOHN HEALTH SYSTEM | § | |
| CORPORATION, *et al*, | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendants CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus Christi–Memorial (also sued as CHRISTUS Spohn Health System Corporation) and CHRISTUS Health's (collectively "CHRISTUS") Motion to Adopt Magistrate Judge B. Janice Ellington's 12/09/2009 Memorandum and Recommendation that Texas Health and Safety Code Sections 285.071 and 285.072 are Constitutional (Dkt. No. 105).

**I. Procedural Background**

On August 6, 2009, Plaintiff Susanna Hinojosa Rodriguez ("Rodriguez") filed her Original Complaint alleging, among other things, that TEXAS HEALTH AND SAFETY CODE Sections 285.071 and 285.072 (hereinafter "§§ 285.071 and 285.072") are unconstitutional under: (1) the Open Courts provision of Article I, Section 13 of the Texas Constitution; (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the Texas Constitution; and (3) the Equal Protection Clause of the Fourteenth Amendment. (Dkt. No. 12.) Rodriguez raised her constitutional challenges on October 15, 2009 by filing a Motion for Declaratory Judgment (Dkt. No. 22), to which CHRISTUS responded

1

(Dkt. No. 25).[1] Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (M&R) on December 9, 2009, recommending that Rodriguez' Motion for Declaratory Judgment be denied. (Dkt. No. 39.)

On December 19, 2009, Rodriguez filed her objections to the conclusions reached in Magistrate Ellington's M&R (Dkt. No. 42), to which CHRISTUS responded (Dkt. No. 45). The M&R, along with Rodriguez' objections and CHRISTUS' response, were then passed along to U.S. District Judge Janice Graham Jack for consideration and ruling. In her January 26, 2010 Order, Judge Jack held that §§ 285.071 and 285.072 did not apply to grant CHRISTUS immunity under the Texas Tort Claims Act (TTCA) for purposes of Rodriguez' state law claims. (Dkt. No. 54.) Thus, Judge Jack did not reach the merits of Magistrate Ellington's recommendation on Rodriguez' constitutional challenges, but instead denied Rodriguez' Motion for Declaratory Judgment as moot. (*Id.*) Judge Jack then recused, and the case was reassigned to the undersigned. (Dkt. No. 58.)

CHRISTUS subsequently filed an interlocutory appeal of Judge Jack's ruling on the applicability of §§ 285.071 and 285.072. (Dkt. Nos. 56, 82.) The Court of Appeals for the Fifth Circuit overturned Judge Jack's Order, finding that CHRISTUS, as a hospital district management contractor, did qualify for limited governmental immunity under the TTCA based

---

1. As CHRISTUS correctly points out, Rodriguez should have filed a motion for partial summary judgment seeking relief on her declaratory judgment action, not a motion for declaratory judgment. *See Kam-Ko Bio-Pharm. Trading Co., Ltd. v. Mayne Pharma*, 560 F.3d 935, 943 (9th Cir. 2009) (court properly construed "motion" for declaratory judgment as motion for summary judgment on plaintiff's action for declaratory judgment) (quoting *Int'l Bhd. of Teamsters v. E. Conf. of Teamsters*, 160 F.R.D. 452, 455—56 (S.D.N.Y. 1995) ("[A] party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for declaratory judgment. . . . The only way plaintiffs' motion can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment.") (emphasis in original)); *see also Doe v. School Bd. Of Ouachita Parish*, 274 F.3d 289, 293—94 (5th Cir. 2001) (plaintiffs filed motion for summary judgment seeking declaratory judgment that statute, as amended, was unconstitutional). However, this distinction does not change the Court's resolution of this matter.

on §§ 285.071 and 285.072. (Dkt. Nos. 95, 96.) The matter was then remanded to this Court for further proceedings in accordance with the Fifth Circuit's opinion. (*Id.*)

Because the Fifth Circuit held that CHRISTUS is a hospital district management contractor pursuant to §§ 285.071 and 285.072 and is therefore subject to limited governmental immunity under the TTCA, on February 14, 2011, CHRISTUS filed the presently pending motion asking the Court to adopt Magistrate Ellington's December 9, 2009 M&R and find that §§ 285.071 and 285.072 are constitutional. (Dkt. No. 105.) Rodriguez objected to CHRISTUS' motion on the grounds that it was premature and had the effect of denying her the opportunity to amend her pleadings after the Fifth Circuit's dismissal of the majority of her state law claims (Dkt. No. 111.)

As a preliminary matter, the Court finds no merit to Rodriguez' claim that CHRISTUS' motion to adopt Magistrate Ellington's M&R is premature, procedurally improper, or merely an attempt to deny Rodriguez the right to amend her pleadings. First, Rodriguez is the party that originally sought a declaration that §§ 285.071 and 285.072 are unconstitutional. By filing its motion to adopt Magistrate Ellington's M&R, CHRISTUS is merely asking the Court to rule on the issue that Rodriguez put into consideration by filing her Motion for Declaratory Judgment back in October of 2009. Moreover, Magistrate Ellington has since granted Rodriguez leave to file an amended complaint (Dkt. No. 135), so Rodriguez' argument that she will be denied the right to amend is moot. Regardless, the Court finds that amendment would not affect its analysis of Rodriguez' constitutional challenges in any way.

## II. Legal Standard

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. *See* FED. R. CIV. P. 72(b). The district

court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *See id.* In contrast, when considering the magistrate judge's orders addressing nondispositive matters, the district court may modify or set aside portions of the orders only if they are "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a).

### III. Analysis

Having reviewed the M&R issued by Magistrate Ellington on December 9, 2009 (Dkt. No. 39), as well as Rodriguez' objections (Dkt. No. 42) and CHRISTUS' response (Dkt. No. 45), the Court finds that the M&R should be adopted with the following changes:

1. The following sentence in paragraph 2 of page 2 of the M&R: "Those sections of the statutes provide governmental immunity to hospital district manager contractors who manage or operate a hospital or provide services under a contract with a hospital district that was created by general or special law," should be changed to read: "Those sections of the statutes provide governmental immunity, for purposes of Chapters 101, 102, and 108 of the Texas Civil Practice and Remedies Code, to hospital district manager contractors who manage or operate a hospital or provide services under a contract with a hospital district that was created by general or special law."

2. The following sentence in the first full paragraph of page 5 of the M&R: "Thus, the sections of the statute have the effect of extending sovereign immunity to hospital management contractors, except for the waivers provided under the TTCA," should be changed to read: "Thus, the sections of the statute have the effect of extending sovereign immunity to hospital management contractors, for purposes of Chapters 101, 102, and 108 of the Texas Civil Practice and Remedies Code, except for the waivers provided under the TTCA."

3. The following sentence in the first full paragraph of page 5 of the M&R: "Congress passed TEX. HEALTH & SAFETY CODE ANN. §§ 285.071 and 285.072 for the purpose of providing

4

the same protections offered to governmental units by the doctrine of sovereign immunity to non-profit corporations that operate acute care hospitals in hospital facilities they lease from a hospital district, and/or provide indigent health care services under contract with a hospital district," should be changed to read: "The Texas Legislature passed TEX. HEALTH & SAFETY CODE ANN. §§ 285.071 and 285.072 for the purpose of providing the same protections offered to governmental units by the doctrine of sovereign immunity to non-profit corporations that operate acute care hospitals in hospital facilities they lease from a hospital district, and/or provide indigent health care services under contract with a hospital district."

These changes do not affect the Court's holding that Magistrate Ellington was correct in concluding that TEX. HEALTH & SAFETY CODE ANN. §§ 285.071 and 285.072 are constitutional and that Rodriguez' request for a declaratory judgment to the contrary should be denied.

All other objections raised by Rodriguez are **OVERRULED**.

### IV. Conclusion

Accordingly, it is hereby **ORDERED** as follows:

1. CHRISTUS' Motion to Adopt Magistrate Judge B. Janice Ellington's 12/09/2009 Memorandum and Recommendation that Texas Health and Safety Code Sections 285.071 and 285.072 are Constitutional (Dkt. No. 105) is **GRANTED** in part and **DENIED** in part;

2. Magistrate Judge Ellington's M&R (Dkt. No. 39) is **ADOPTED** with the aforementioned changes;

3. Rodriguez' Motion for Declaratory Judgment (Dkt. No. 22) is **DENIED**; and

4. Rodriguez' request for attorney's fees is **DENIED**.

**SIGNED** this 12th day of September, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE