UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SUSANNA HINOJOSA RODRIGUEZ, § § | |
| VS. § | CIVIL ACTION NO. C-09-95 |
| § | |
| CHRISTUS SPOHN HEALTH SYSTEM § CORPORATION, *et al*, § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S OPPOSED MOTION FOR AN EXTENSION OF TIME TO DESIGNATE EXPERTS

Pending is plaintiff's opposed motion for an extension of time to designate experts (D.E. 145). After the interlocutory appeal was decided and this case was returned from the Fifth Circuit, plaintiff agreed to a deadline for designating expert witnesses (D.E. 107, 108). That deadline was twice extended (D.E. 135& Docket Notes for 7/25/11). The parties are scheduled for a jury trial in February of 2012 (D.E. 108).

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order may be modified for "for good cause and with the judge's consent." The Fifth Circuit has explained that the good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA,* 315 F.3d 533, 535 (5th Cir. 2003). The court should consider the following factors (1) the explanation for the failure to timely designate; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co.*

*v. Louisiana Land and Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. (1990)).

Plaintiff has designated her experts (D.E. 144). She has not proffered a new expert or stated what type of expert she may need. Plaintiff's explanation for the failure to timely designate is that there are outstanding discovery requests which are the subject of a motion to compel, and after receiving discovery, she "may" need to designate additional experts. Because plaintiff has not proffered a new expert, the court is unable to weigh the importance of the testimony or the potential prejudice in allowing or not allowing the testimony.

The issues in this case were clarified by the Fifth Circuit over nine months ago (D.E. 96), and the parties have engaged in substantial discovery since then. Plaintiff's counsel has not stated why she has been unable, based upon the discovery received to date, to determine whether an expert will be required on a particular subject. Plaintiff has failed to articulate why she might need to designate additional experts or the subject matter of the expert testimony. Plaintiff's basic allegations and the facts that led to the filing of this lawsuit have not changed since the suit was filed. The discovery deadline would have to be extended in order for defendants to respond to any new experts. Plaintiff has not met her burden to demonstrate good cause to extend the expert deadline.

Accordingly, plaintiff's motion (D.E. 145) is denied.

ORDERED this 26th day of September, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE