UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SUSANNA HINOJOSA RODRIGUEZ, § § **Plaintiff,** § v. § § **CHRISTUS SPOHN HEALTH SYSTEM** § **CORPORATION,** *et al*, § § **Defendants.** § | CIVIL ACTION NO. C-09-95 |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Magistrate Judge B. Janice Ellington's Memorandum and Recommendation (M&R) filed August 19, 2011. (Dkt. No. 148.) Objections to the M&R were timely filed by Defendants CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus Christi–Memorial (also sued as CHRISTUS Spohn Health System Corporation) and CHRISTUS Health (collectively "CHRISTUS") on September 1, 2011. (Dkt. No. 154.) After considering the M&R, the objections, the entire record, and the applicable law, the Court **OVERRULES** the objections for the reasons explained below.

**I. Background**

Plaintiff Susanna Hinojosa Rodriguez ("Rodriguez") alleges that Defendant John Hill ("Hill"), an employee of CHRISTUS, sexually assaulted her while she was a patient at CHRISTUS. Rodriguez brought several causes of action against Defendants, but at issue herein is her cause of action brought pursuant to TEX. CIV. PRAC. & REM. CODE § 81.010 ("Section 81.010"). By filing an action under Section 81.010, Rodriguez is asking the Court to order CHRISTUS to terminate Hill based on her allegations of sexual conduct and sexual exploitation.

1

On February 15, 2011, CHRISTUS moved for partial summary judgment on Rodriguez' Section 81.010 claims. (Dkt. No. 106.) CHRISTUS now objects to the M&R's recommendation that CHRISTUS' motion for partial summary judgment be denied.

## II. Analysis

### A. Objection 1: The Appropriate Legal Analysis Is Whether Hill Provided Mental Health Services to Rodriguez

CHRISTUS first objects to the M&R's statement that the proper analysis is whether Hill provided mental health services in general, as opposed to whether Hill provided mental health services specifically to Rodriguez. According to CHRISTUS, Rodriguez must have received mental health services directly from Hill in order to bring a cause of action under Section 81.010.

Section 81.010 states that a patient or former patient may bring an action for injunctive relief against a governmental unit "that is an employer of a mental health services provider . . . who commits any conduct described by Section 81.002(1), (2), or (3) in relation to the patient or former patient." TEX. CIV. PRAC. & REM. CODE § 81.010(b). "Patient" is defined as "an individual who seeks or obtains mental health services." TEX. CIV. PRAC. & REM. CODE § 81.001(3). In construing these sections together, the M&R concluded that "[n]othing in either the definition of 'patient' or in the government liability section of the statute indicates that the patient must have received mental health services directly from the mental health services provider." (M&R at 11.) Despite this interpretation, the M&R nonetheless concluded that "even if the statute did require that the mental health services provider have actually treated the patient bringing the claim, plaintiff testified at her deposition that Hill attended to her when she was suicidal." (*Id.*) Thus, the M&R specifically considered whether Hill provided mental health services directly to Rodriguez and found that Rodriguez provided sufficient evidence to raise a genuine issue of material fact that he did.

2

Accordingly, CHRISTUS' Objection No. 1 is **OVERRULED**.

**B. Objection 2: "Guiding" a Patient Does Not Fall Under Any of the Four Enumerated Categories of "Mental Health Services"**

CHRISTUS next objects to the M&R's finding that "Hill's serving as a 'guide' to monitor plaintiff when she was suicidal is evidence that he was involved in her treatment and thus provided mental health services to her." (M&R at 11.) According to CHRISTUS, "[T]he act of guiding does not fit within one of the four enumerated categories of 'mental health services,'" which is statutorily defined as "assessment, diagnosis, treatment, or counseling in a professional relationship to assist an individual or group in:

   A. alleviating mental or emotional illness, symptoms, conditions, or disorders, including alcohol or drug addiction;

   B. understanding conscious or subconscious motivations;

   C. resolving emotional, attitudinal, or relationship conflicts; or

   D. modifying feelings, attitudes, or behaviors that interfere with effective emotional, social, or intellectual functioning."

(Dkt. No. 154 at 5 (quoting TEX. CIV. PRAC. & REM. CODE § 81.001(1)).)

Rodriguez has offered the expert opinion of Carlos Estrada, M.D. (Dkt. No. 110, Ex. 3), who concluded that the duties Hill performs as a mental health technician, including performing 15-minute checks and monitoring patients, "requires training and skill, and they are part of assessing, treating[,] and counseling patients. As well, they are part of resolving emotional, attitudinal[,] or relationship conflicts; they are part of understanding conscious or subconscious motivations; they are also part of alleviating mental or emotional illness, symptoms, conditions[,] or disorders." (Estrada Aff., Dkt. No. 110, Ex. 3.)

The Court agrees with the M&R's conclusion that Hill's serving as a "guide" to monitor Rodriguez when she was suicidal, combined with the 15-minute observations of Rodriguez that

3

Hill performed, is sufficient to raise a genuine issue of material fact as to whether Hill provided mental health services directly to Rodriguez. *See N.P. v. Methodist Hosp.*, 190 S.W. 3d 217, 220 (Tex. App—Houston 2006) (neither party disputed that psychiatric technician assigned to monitor plaintiff for suicide watch on one occasion and to perform 15-minute observations of plaintiff on another occasion was plaintiff's mental-health services provider in Section 81.0003 action).

Accordingly, CHRISTUS' Objection No. 2 is **OVERRULED**.

### C. Objection 3: Rodriguez Was Not "in a Professional Relationship" with Hill as the Statute Expressly Requires

Finally, CHRISTUS complains that the M&R erroneously fails to consider that "an essential part of the definition of 'mental health services' is that the patient must be in a 'professional relationship' with the alleged 'mental health services provider' in order for the conduct to fit within this definition." (Dkt. No. 154 at 8 (citing TEX. CIV. PRAC. & REM. CODE § 81.001(1)).) According to CHRISTUS, only "certain types of categories of professionals that fit within this definition: licensed social workers, licensed professional counselors, members of the clergy, physicians, and psychologists. (*Id.* (citing TEX. CIV. PRAC. & REM. CODE § 81.001(2)(A-H)).) Because mental health technicians, licensed vocational nurses, registered nurses, and nurses aids are not included within this list, CHRISTUS contends that "these job classifications do not possess the type of professional relationship needed in order for an individual to be classified as a mental health services provider." *Id.*

The "definitions" section preceding Section 81.010 provides that "'Mental health services provider' means an individual, licensed or unlicensed, who performs or purports to perform mental health services, including a:

(A) licensed social worker as defined by Section 505.002, Occupations Code;

4

      (B) chemical dependency counselor as defined by Section 504.001, Occupations Code;

      (C) licensed professional counselor as defined by Section 503.002, Occupations Code;

      (D) licensed marriage and family therapist as defined by Section 502.002, Occupations Code;

      (E) member of the clergy;

      (F) physician who is practicing medicine as defined by Section 151.002, Occupations Code;

      (G) psychologist offering psychological services as defined by Section 501.003, Occupations Code; or

      (H) special officer for mental health assignment certified under Section 1701.404, Occupations Code.

TEX. CIV. PRAC. & REM. CODE § 81.001(2)(A-H).

To the extent CHRISTUS is attempting to reurge its prior argument that, as a matter of law, Hill cannot be a mental health services provider because he did not work in one of the eight capacities enumerated above, the Court agrees with the M&R's conclusion that the use of the word "including" indicates that the list was not intended to be exhaustive. (M&R at 8.) *See State v. Vasilas*, 187 S.W.3d 486, 489 (Tex. Ct. Crim. App. 2006) ("In § 311.005(13) of the Code Construction Act, the legislature expressly stated its intent regarding its use of the word 'including' in statutory provisions, providing: ''Includes' and 'including' are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded."). Moreover, the fact that the definition of mental health service provider states that an individual may be "licensed or unlicensed" further supports the M&R's conclusion that Section 81.010 is not limited in applicability to those eight categories enumerated in Section 81.001(2)(A-H).

Accordingly, CHRISTUS' Objection No. 3 is **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, the Court **OVERRULES** CHRISTUS' objections and **ADOPTS** the M&R's recommendation that CHRISTUS' Motion for Partial Summary Judgment on Rodriguez' Section 81.010 Claim (Dkt. No. 106) be **DENIED**.

It is so **ORDERED**.

**SIGNED** this 30th day of September, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE