UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SUSANNA HINOJOSA RODRIGUEZ, | § § | |
| VS. | § § | CIVIL ACTION NO. C-09-95 |
| CHRISTUS SPOHN HEALTH SYSTEM CORPORATION, *et al*, | § § § § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OPPOSED MOTION TO COMPEL SUPPLEMENTAL RULE 26 DISCLOSURES

In this lawsuit plaintiff alleges that she was sexually assaulted by defendant John Hill, a mental health technician, while a private pay patient at defendant's hospital. Pending is plaintiff's opposed motion to compel CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus Christi – Memorial (Spohn) to supplement its Rule 26 Disclosures (D.E. 153). Spohn filed a response (D.E. 160). The motion is granted in part and denied in part.

Rule 26 of the Federal Rules of Civil Procedure requires a party to disclose, without awaiting a discovery request, "the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i).

Plaintiff argues that Spohn failed to sufficiently detail the subject of the information required by the rule. Spohn responds that it gave a brief description of the subject matter about which the witness could testify by providing a list of all employees who provided care to plaintiff during her brief stay in the hospital. The court agrees with Spohn. Plaintiff failed to cite any law in support of her claim that the subject matter of the disclosure was insufficient. The motion to compel a more detailed description of the subject of the subject matter about which such witnesses could testify is DENIED.

Plaintiff also argues that she is entitled to the home addresses and telephone numbers, if known, of Spohn's current employees.[1] Spohn's response is that it need not provide home addresses and telephone numbers because all persons presently employed by Spohn are represented by Spohn's counsel (under the theory that they are persons whose acts or omissions may create vicarious liability against Spohn), and it would be unethical for plaintiff's counsel to contact such persons.

It is certainly debatable whether all of the employees, nurses and records custodians can vicariously bind Spohn in this lawsuit,[2] but it is not presently necessary to decide this issue. The court will not speculate on whether plaintiff's counsel will violate

---

[1] Spohn has already provided, or agreed to provide, plaintiff with its last known contact information for former employees.

[2] It is well settled that a plaintiff in a Section 1983 action cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. Beattie v. Madison County School Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (quoting Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987)). "[Section] 1983 does not give a cause of action based on the conduct of subordinates." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 104 S. Ct. 248 (1983) (citations omitted). Spohn's argument that it represents all current employees because the actions of all current employees could make it vicariously liable for an act or omission is disingenuous and clearly at odds with its summary judgment position that it is not responsible for the actions of employee/defendant Hill.

ethical rules by contacting represented persons. It is assumed that she is ethical and she will not.

The decisions interpreting Rule 26 make it clear that the home addresses and telephone numbers, if known, are required to be produced. *Dixon v. CertainTeed Corp.,* 164 F.R.D. 685, 689 (D.Kansas 1996); *Fausto v. Credigy Services Corp.,* 251 F.R.D. 427, 429 (N.D.Cal. 2008); *Thurby v. Encore Receivable Mgmt.,* 251 F.R.D. 620 (D.Colo. 2008); *Viveros v. Nationwide Janitorial Ass'n., Inc.,* 200 F.R.D. 681, 684 (N.D.Ga. 2000); and *Hartman v. American Red Cross*, 2010 WL 1882002 (C.D. Ill 2010) (unreported). Spohn cited no law to the contrary.

Accordingly, plaintiff's request for the home addresses and telephone numbers of current Spohn employees, if known, is granted. The information shall be provided within fourteen days of the date of this order. Plaintiff shall not re-disclose this information to anyone, not even to her client, except as necessary in the context of this lawsuit.

All relief not granted by this order is DENIED.

ORDERED this 3rd day of October, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE