UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SUSANNA HINOJOSA RODRIGUEZ, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-09-95 |
| | § | |
| CHRISTUS SPOHN HEALTH SYSTEM | § | |
| CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION**

In this lawsuit plaintiff alleges she was sexually assaulted by defendant John Hill, a mental health technician, while a private pay patient at defendant's hospital. Pending is plaintiff's opposed motion to compel CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus Christi – Memorial (Spohn) to supplement its responses to plaintiff's fourth request for production (D.E. 156). Spohn filed a response (D.E. 161). The motion is granted in part and denied in part.

Applicable Law

Discovery is generally permitted as to nonprivileged matter that is relevant to a party's claim or defense, or is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). The party seeking discovery has the burden of showing its necessity and relevance. *Freeman v. U.S.*, 557 F.3d 326, 341 (5th Cir.), *cert. denied*, 130 S.Ct. 154 (2009).

### Specific Requests for Production

In plaintiff's request No. 3, she asks for a copy of all records of training provided to defendant John Hill during his employment with Spohn. The request is reasonable and relevant. To the extent that defendant Spohn has not submitted a copy of *all* of Hill's training records, it is ordered to do so.

In plaintiff's request No. 4, she requests a copy of John Hill's file with the Associate Assistance Program to which he was referred. The request is reasonable and relevant to plaintiff's § 1983 claims. If Spohn is in possession of a copy of this file or can obtain it, Spohn is ordered to do so.

In plaintiff's requests for production No. 7, 10, 12, 14, 16, 18, 20, 22, 24, and 28, she requests various policies of defendant Spohn adopted or in place during the last ten years. Plaintiff baldly concludes that these policies are relevant without any citation to authority or any argument as to why ten-year old policies, or policies enacted after the events in question in this lawsuit, have any relevance to plaintiff's claims. If not already provided, defendant Sphon shall provide all policies requested which were in effect at the time of the events which form the basis of plaintiff's lawsuit.

In plaintiff's requests for production No. 36 and 37, she requests training documents used by the defendants during the last ten years identifying the dangers of being under the influence of marihuana or discussing the use of marihuana related to employment. The defendant shall provide all such documents for the two years prior to the events that form the basis of plaintiff's lawsuit. If not already provided, defendant

Spohn shall also provide all such documents used during the period of time covering the events that form the basis of plaintiff's lawsuit.

In plaintiff's request for production No. 44 and 45, she requests copies of complaints made by Josie Rodriguez and Maria Johnson, staff members at the hospital, against defendant Hill. For the same reasons given in the order requiring the hospital to disclose its post-investigation file on Ms. Rodriguez, defendant Spohn's objections are overruled. To the extent not already provided, defendant shall provide a copy of any complaint made by or on behalf of Jose Rodriguez or Maria Johnson against against defendant Hill.

Plaintiff's request for production No. 47 and 55 are denied except for policies in effect at the time of the events which form the basis for this lawsuit. Plaintiff has failed to satisfy her burden to show that ten years' worth of policies have any relevance to this lawsuit.

Plaintiff's request for production No. 65 is denied. In request No. 3 defendant was ordered to provide all training records for defendant John Hill. Plaintiff has not shown that training records of other employees have any relevance to this lawsuit.

Plaintiff's request for production No. 73 is granted. Plaintiff has alleged a theory of ratification in this lawsuit, and the personnel file of John Hill, even after the events which form the basis of this lawsuit, are clearly relevant. The personnel file shall be produced and subject to the parties previous confidentiality agreement.

Plaintiff's requests for production numbered 74, 75, and 77 are granted in part. Plaintiff has requested a copy of all complaints made by patients of the Behavior

Medicine Unit of Defendant for the last ten years. This type of a request is clearly over broad and unduly burdensome, but similar complaints are relevant to plaintiff's claims against Spohn. Defendant Spohn shall produce a copy of all complaints alleging assault, sexual assault, or inappropriate touching made by patients against Spohn staff, for a period of three years preceding the events which led to the filing of this lawsuit. Spohn may redact (subject to a later motion for unredacted copies if relevant) the names and identifiers of the specific complainants if necessary to comply with HIPPA.

All discovery subject to this order shall be provided to plaintiff's counsel within fourteen days of the date of this order.

All relief not granted by this order is DENIED.

ORDERED this 3rd day of October, 2011.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE