UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SUSANNA HINOJOSA RODRIGUEZ, | § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. C-09-95 |
| CHRISTUS SPOHN HEALTH SYSTEM CORPORATION, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant John Hill's ("Hill") Motion for Leave to File Motion for Summary Judgment (Dkt. No. 200), to which Plaintiff Susanna Hinojosa Rodriguez ("Rodriguez") has responded (Dkt. No. 201). Having considered the motion, response, record, and applicable law, the Court is of the opinion that Hill's motion should be **GRANTED** in part and **DENIED** in part.

**I. Background**

The original deadline to file dispositive motions in this case was October 28, 2011. (Dkt. No. 108.) Magistrate Judge Janice Ellington extended this deadline by fourteen days on July 6, 2011. (Dkt. No. 135.) Defendants CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus Christi–Memorial (also sued as CHRISTUS Spohn Health System Corporation) and CHRISTUS Health's (collectively "CHRISTUS") timely filed three motions for partial summary judgment on all of Rodriguez' claims (Dkt. Nos. 109, 175, 177). All three motions were granted by this Court's June 13, 2012 Memorandum Order and Opinion (Dkt. No. 196), and CHRISTUS was dismissed as a defendant in this action.

1

Hill did not file any dispositive motions before the November 22, 2011 deadline. Now, almost nine months later, Hill seeks leave to file a motion for summary judgment.

## II. Legal Standard

Federal Rule of Civil Procedure 16 provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). "It requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003); 6A CHARLES ALLEN WRIGHT *et al.*, FED. PRAC. & PROC. § 1522.1 (2d ed. 1990)). The following factors are relevant to good cause: (1) the explanation for the failure to timely move for summary judgment; (2) the importance of the motion; (3) potential prejudice in allowing the motion; and (4) the availability of a continuance to cure such prejudice. *See Id.* (citing *S&W Enters.*, 315 F.3d at 536).

## III. Analysis

Hill offers no explanation for his failure to meet the Court's November 22, 2011 deadline for filing dispositive motions, but instead argues that good cause exists to grant his request for leave to file a motion for summary judgment at this late hour because "[t]he issues addressed in this Court's June 13, 2012 Order apply directly to Ms. Rodriguez' remaining claims against John Hill." (Dkt. No. 200 at 3.) As explained below, this statement is only half correct.

### A. Due Process

Rodriguez' Complaint alleges that both CHRISTUS and Hill violated "her substantive due process rights of bodily integrity under the Fourteenth Amendment." (Pl. First Am. Compl., Dkt. No. 141 ¶¶ 1, 2.) In support of this claim, Rodriguez alleged that she "was voluntarily

2

admitted as a patient to [CHRISTUS'] Behavioral Medicine Department for treatment of a serious mental health condition–bi-polar disorder and other mental health conditions." (Pl. First Amended Pet., Dkt. No. 1, Ex. 9, ¶ 10.) Rodriguez claimed that during her hospitalization, Hill—a mental health technician employed by CHRISTUS—sexually assaulted her "by touching [her] shoulders with his hand, telling [her] how beautiful she was and how beautiful her breasts were. Defendant Hill further told [her] that he could find a 'good place for a good night' and that he would 'show her his big dick.'" (*Id.* ¶ 36.) Hill allegedly assaulted Rodriguez again that same day after lunch, this time "by approaching [her] from behind; grabbing and fondling her breasts and rubbing his crotch against her buttocks and lower back pressing his penis against her and stating 'Do you want my black dick?'" (*Id.* ¶ 37.) Rodriguez claimed that she reported the assault to nursing staff, but CHRISTUS' "fail[ure] to take any prompt and appropriate remedial action[] left [her] scared, intimidated, and fearing for her safety," so she asked to be discharged. (*Id.* ¶¶ 39–40.) Rodriguez further alleged that "[i]n the aftermath of the assaults, [her] condition significantly worsened and [she] was diagnosed with Post Traumatic Stress Disorder" which "culminated in [her] having suicidal thoughts and [she] has attempted suicide as a result." (*Id.* ¶¶ 54, 56.)

In addressing CHRISTUS' motion for summary judgment on Rodriguez' due process claims, the Court's June 13, 2012 Order recognized that "a governmental entity may be held liable under § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees. (Dkt. No. 196 at 6 (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The Court then dismissed Rodriguez' due process claims against CHRISTUS because "the summary judgment evidence conclusively establishe[d] that CHRISTUS had a custom and

policy of properly training its employees and did not act with deliberate indifference to Rodriguez' health or safety." (Dkt. No. 196 at 19.)

However, the Court explicitly found that Rodriguez had sufficiently alleged a due process claim against Hill:

> Applying the standard set forth in *Doe ex rel. Magee*, and taking Rodriguez' allegations as true—namely that Hill was aware of Rodriguez' suicidal tendencies and history of sexual abuse and used his position as a mental health technician to sexually grope and proposition her while she was hospitalized and under his watch and care—the Court finds that Rodriguez has sufficiently alleged a constitutional violation based on the invasion of her bodily integrity.

(Dkt. No. 196 at 10.)

Hill's Motion for Leave to File Motion for Summary Judgment does not even acknowledge the Court's ruling with respect to Rodriguez' due process claims. Because Hill has failed to establish good cause as to why he was unable to raise his due process arguments before the motions deadline expired roughly nine months ago, his request for leave to file a motion for summary judgment with respect to Rodriguez' due process claim is **DENIED**.

### B. Equal Protection

Rodriguez' Complaint also alleges that both CHRISTUS and Hill violated her rights under the Equal Protection Clause "based upon gender, female, and mental disability." (Pl. First Am. Compl. ¶¶ 1, 2.) In support of her equal protection claim, Rodriguez' Complaint relies upon the same set of facts giving rise to her due process claim, namely her alleged sexual assault by Hill. (*Id.* ¶¶ 58–74.)

In its June 13, 2012 Order granting CHRISTUS' motion for summary judgment on Rodriguez' equal protection claims, the Court stated that it was "unable to locate any Fifth Circuit case at the district or circuit level recognizing that a state actor's isolated sexual assault of an individual could constitute a violation of the Equal Protection Clause." (Dkt. No. 196 at 21.)

4

The Court further stated that it was not inclined to recognize Rodriguez' claim of gender-motivated sexual assault as constituting a violation of the Equal Protection Clause, recognizing that "the Fifth Circuit's opinion in *Doe v. Taylor ISD* suggests that such a claim is more properly brought under the Due Process Clause." (*Id.* at 22–23 (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 458 (5th Cir. 1994).)

The Court's June 13, 2011 Order did not address Rodriguez's Equal Protection claims against Hill. However, because Rodriguez' First Amended Complaint alleges the same facts to support her equal protection claims against CHRISTUS and Hill, and the Court previously held that such allegations of isolated sexual assault do not give rise to an equal protection claim under the Fourteenth Amendment, Rodriguez' equal protection claims against Hill also fail as a matter of law.

Accordingly, Hill is **GRANTED** leave to file a motion for summary judgment as to Rodriguez' equal protection claim.

## IV. Conclusion

For the aforementioned reasons, Hill's Motion for Leave to File Motion for Summary Judgment (Dkt. No. 200) is **GRANTED** in part and **DENIED** in part.

It is so **ORDERED**.

**SIGNED** this 22nd day of August, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE