UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SUSANNA HINOJOSA RODRIGUEZ, § § | |
| Plaintiff, § | |
| v. § | |
| § | CIVIL ACTION NO. C-09-95 |
| CHRISTUS SPOHN HEALTH SYSTEM § | |
| CORPORATION, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant John Hill's ("Hill") Motion for Summary Judgment on Plaintiff's Equal Protection and Due Process Claims under 42 U.S.C. § 1983 (Dkt. No. 203), to which Plaintiff Susanna Hinojosa Rodriguez ("Rodriguez") has responded (Dkt. No. 204), and Hill has replied (Dkt. No. 205, Ex. 1).[1]

**I. Factual and Procedural Background**

On October 28, 2008, Rodriguez filed a healthcare liability suit in Texas state court against CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus Christi–Memorial (also sued as CHRISTUS Spohn Health System Corporation) and CHRISTUS Health's (collectively "CHRISTUS"), the Nueces County Hospital District (the "Hospital District"),[2] and Hill, a mental health technician employed by CHRISTUS. Rodriguez alleged that, on or about April 1, 2007, she "was voluntarily admitted as a patient to [CHRISTUS'] Behavioral Medicine Department for treatment of a serious mental health condition–bi-polar disorder and other mental health conditions." (Pl. First Amended Pet., Dkt. No. 1, Ex. 9, ¶ 10.)

---

1. On September 24, 2012, Hill filed his Opposed Motion for Leave to File a Reply to Plaintiff's Response to Defendant John Hill's Motion for Partial Summary Judgment on Plaintiff's Equal Protection Claims Under 42 U.S.C. § 1983 (Dkt. No. 205). Hill's motion is **GRANTED**.
2. The Hospital District has since been dismissed as a defendant to this lawsuit.

1

Rodriguez claimed that during her hospitalization, Hill sexually assaulted her "by touching [her] shoulders with his hand, telling [her] how beautiful she was and how beautiful her breasts were. Defendant Hill further told [her] that he could find a 'good place for a good night' and that he would 'show her his big dick.'" (*Id.* ¶ 36.) Hill allegedly assaulted Rodriguez again that same day after lunch, this time "by approaching [her] from behind; grabbing and fondling her breasts and rubbing his crotch against her buttocks and lower back pressing his penis against her and stating 'Do you want my black dick?'" (*Id.* ¶ 37.) Rodriguez claimed that she reported the assault to nursing staff, but CHRISTUS' "fail[ure] to take any prompt and appropriate remedial action[] left [her] scared, intimidated, and fearing for her safety," so she asked to be discharged. (*Id.* ¶¶ 39–40.) Rodriguez further alleged that "[i]n the aftermath of the assaults, [her] condition significantly worsened and [she] was diagnosed with Post Traumatic Stress Disorder" which "culminated in [her] having suicidal thoughts and [she] has attempted suicide as a result." (*Id.* ¶¶ 54, 56.)

CHRISTUS filed a plea to the jurisdiction in Texas state court seeking dismissal of Rodriguez' suit on the grounds of governmental immunity pursuant to TEX. HEALTH & SAFETY CODE §§ 285.071, 285.072. In response to CHRISTUS' assertion that it is a governmental unit, Rodriguez filed her First Amended Petition on April 2, 2009, adding causes of action under TEX. CIV. PRAC. & REM. CODE § 81.010 and under 42 U.S.C. § 1983 against both CHRISTUS and Hill for violations of her right to substantive due process and equal protection. Based on Rodriguez' pleading of § 1983 claims, on April 30, 2009, the Hospital District, with CHRISTUS' consent, timely removed the case to this Court, where it was originally assigned to then-Chief Judge Hayden Head. Rodriguez subsequently filed Plaintiff's Original Complaint (Dkt. No. 11) in this Court, reasserting all of the claims she had previously alleged in state court.

On October 15, 2009, CHRISTUS filed three motions to dismiss all of Rodriguez' claims against it. (Dkt. Nos. 19, 20, 21.)³ After Judge Head recused, the case was reassigned to Judge Janice Graham Jack. (Dkt. No. 44.) With one exception, Judge Jack denied CHRISTUS' 12(b)(1) motions, ruling that CHRISTUS did not have immunity from suit for purposes of Rodriguez' state-law claims and also that CHRISTUS was acting under color of state law for purposes of 42 U.S.C. § 1983. (Dkt. No. 54.)

After Judge Jack recused and this action was reassigned to the undersigned judge, CHRISTUS filed a motion for reconsideration of Judge Jack's ruling on Rodriguez' state-law claims (Dkt. No. 58), which this Court denied (Dkt. No. 80). CHRISTUS subsequently filed an interlocutory appeal of Judge Jack's rulings on Rodriguez' state-law claims. (Dkt. No. 84.) The United States Court of Appeals for the Fifth Circuit vacated Judge Jack's ruling and found that CHRISTUS, as a hospital district management contractor, did qualify for limited governmental immunity under the Texas Tort Claims Act (TTCA), thus dismissing all of Rodriguez's state-law claims against CHRISTUS "except to the extent that [any Chapter 81 claim] falls under § 81.010." *Rodriguez v. CHRISTUS Spohn Health Sys. Corp.*, 628 F.3d 731, 734 (5th Cir. 2010). The Fifth Circuit further held that, pursuant to the election of remedies provision of the TTCA, Rodriguez' state law claims against Hill for assault and battery must be dismissed. *Id.* at 738.

Following remand, CHRISTUS moved for summary judgment on all of Rodriguez' remaining claims under TEX. CIV. PRAC. & REM. CODE § 81.010 and 42 U.S.C. § 1983, which Rodriguez subsequently realleged when she filed her First Amended Complaint on August 5, 2011. (Dkt. Nos. 109, 175, 177.) All three motions were granted by this Court's June 13, 2012 Memorandum Order and Opinion (Dkt. No. 196), and CHRISTUS was dismissed as a defendant

---

3. On the same date, Rodriguez filed a Motion for Declaratory Judgment, seeking a declaratory judgment that Texas Health and Safety Code §§ 285.071 and 285.072 are unconstitutional (Dkt. No. 22), which was denied (Dkt. No. 157).

in this action. *Rodriguez v. CHRISTUS Spohn Health System Corp.*, — F. Supp. 2d —, 2012 WL 2192443 (S.D. Tex. Jun. 13, 2012).

On July 17, 2012—nearly nine months after the November 22, 2011 deadline for filing dispositive motions—Hill sought leave to file a motion for summary judgment on Hill's due process and equal protection claims. (Dkt. No. 200.) The Court granted the motion in part by allowing Hill to file his motion relevant to Rodriguez' equal protection claims; however, the Court denied Hill's request to file his motion relevant to Rodriguez' due process claims. (Dkt. No. 202.) Thus, the Court will consider Hill's motion only as it pertains to Rodriguez' equal protection claims.

## II. Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the

non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations" or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" *Freeman v. U.S.*, 2005 WL 3132185, *2 (S.D. Tex. Nov. 22, 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## III. Evidentiary Objections

Before considering the substantive merits of Hill's motion for summary judgment, the Court first notes that Hill objected to portions of Rodriguez' summary judgment evidence. The Court has considered both the evidence proffered and Hill's objections, and to the extent the Court has regarded portions of the evidence as relevant, admissible, and necessary to the resolution of particular summary judgment issues, it hereby overrules the evidentiary objections. To the extent the Court has not relied on other evidence about which Hill complains, the remaining objections are denied as moot.

**IV. Analysis**

The Equal Protection Clause of the Fourteenth Amendment is essentially a mandate that all persons similarly situated be treated alike. *Qutb v. Strauss*, 11 F.3d 488 (5th Cir. 1993) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432 (1985)). Courts conduct an equal protection inquiry only "if the challenged government action classifies or distinguishes between two or more relevant groups." *Id.* To sustain an equal protection claim, a plaintiff must establish that she was treated differently than a similarly situated individual. *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000). A plaintiff must also demonstrate that the acts of the government official in question were motivated by improper considerations, such as sex, race, religion, or the desire to prevent the exercise of a constitutional right. *Id.*

Rodriguez claims that Hill violated her rights under the Equal Protection Clause "based upon gender, female, and mental disability." (Pl. First Am. Compl. ¶ 1.) In support of her equal protection claim, Rodriguez relies upon the same set of facts and evidence giving rise to her due process claim, namely her alleged sexual assault by Hill. Specifically, Rodriguez testified during her deposition that as she was walking out of the hospital cafeteria after breakfast on April 3, 2007, Hill approached her from behind, grabbed and fondled her breasts, rubbed his penis against her buttocks and lower back, and asked, "Do you want my black dick?" (Rodriguez 4/28/2010 Dep., Dkt. No. 204, Ex. 4 at 59:12–61:5.) Rodriguez also submitted a police report that was completed the day after the alleged assault took place. (4/4/2009 Police Report, Dkt. No. 204, Ex. 6.) According to the police report, Rodriguez told the officer that "in the morning, [Hill] had been touching her shoulders with his hand. He also told her, 'Your [*sic*] beautiful, you are beautiful, you have beautiful breasts.' [Hill] also told [Rodriguez] that he could find a good place for a good night and that he would show her what [*sic*] he had a big dick." (*Id.* at 4.)

6

Rodriguez also told the officer that "[a]round 12 Noon (lunch), [Hill] grabbed her from behind and wrapped his arms around her upper body and squeezed her. He also rubbed his penis (still clothed) on her lower back-butt area." (*Id.*)

In its June 13, 2012 Order granting CHRISTUS' motion for summary judgment on Rodriguez' equal protection claims, the Court stated that it was "unable to locate any Fifth Circuit case at the district or circuit level recognizing that a state actor's isolated sexual assault of an individual could constitute a violation of the Equal Protection Clause." *Rodriguez*, — F. Supp. 2d —, 2012 WL 2192443 at \*13 (citing *Doe v. Beaumont Indep. Sch. Dist.*, 8 F. Supp. 2d 596, 613 (E.D. Tex. 1998) (acknowledging that the court "was unable to find a case recognizing an equal protection claim under these facts," where parents brought an equal protection claim against school alleging that a teacher sexually assaulted their eleven-year-old daughter)). The Court further stated that it was not inclined to recognize Rodriguez' claim of gender-motivated sexual assault as constituting a violation of the Equal Protection Clause, recognizing that "the Fifth Circuit's opinion in *Doe v. Taylor ISD* suggests that such a claim is more properly brought under the Due Process Clause." *Id.* (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 458 (5th Cir. 1994)).

In response to Hill's motion, Rodriguez cites a number of Title VII sexual harassment cases, including *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997), which held that plaintiffs suing their public employers for sexual harassment and sex discrimination could assert claims under both Title VII and the Equal Protection Clause. Because the present case does not involve Rodriguez' employment or allegations of sexual harassment or discrimination over a period of time, the Court finds that *Southard* is not on point. Rodriguez also cites *Strong v. Wisconsin*, 544 F. Supp. 2d 748, 766 (W.D. Wisc. 2008), in which

7

the plaintiff mental health patient alleged that a mental health worker "subjected him to a continuous litany of sexual harassment, including graphic verbal abuse as well as acts of indecent exposure and inappropriate physical touching," which "violated his right to equal protection of the laws because she harassed him because of his sex." Rodriguez' allegations against Hill involve only a single, isolated incident of sexual assault and not a "continuous litany of sexual harassment;" thus, the Court finds that *Strong* is likewise not instructive.

Because Rodriguez' First Amended Complaint alleges the same facts to support her equal protection claims against CHRISTUS and Hill, the Court previously held that such allegations of isolated sexual assault do not give rise to an equal protection claim under the Fourteenth Amendment, and Rodriguez has cited no additional authority to change the Court's opinion, Rodriguez' equal protection claims against Hill based on gender fail as a matter of law.

The Court's June 13, 2012 Order also held that Rodriguez has failed to present any evidence that Hill considered her alleged mental health disability as a motivating factor in his alleged actions, explaining that, at the time of the alleged assault, Rodriguez was a mental health patient in a unit comprised of only patients with mental health disabilities, and Hill was employed as a mental health technician only in that unit. *Rodriguez*, 2012 WL 2192443 at *14. Rodriguez has still failed to offer any evidence that Hill singled her out from among other similarly-situated patients for disparate treatment based on her alleged mental health disability with discriminatory intent, which is required to establish an equal protection violation. *See Williams v. Prudden*, 67 Fed. App'x 976, 977 (8th Cir. 2003) (female inmate "failed to state an equal protection claim, as she did not allege any facts to show that she was treated differently from other similarly situated inmates"). Because Rodriguez has still failed to present any

evidence that Hill considered her alleged mental health disability as a motivating factor in her alleged assault, Rodriguez' equal protection claims based on mental disability also must fail.

**V. Conclusion**

For the foregoing reasons, Hill's Motion for Summary Judgment on Plaintiff's Equal Protection Claims Under 42 U.S.C. § 1983 (Dkt. No. 203) is **GRANTED.** Because Hill was not granted leave to file his out-of-time Motion for Summary Judgment on Plaintiff's Due Process Claims Under 42 U.S.C. § 1983, that motion is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 10th day of January, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE